## Stearns Coal & Lumber Co. v. Duncan

(Decided Feb. 1, 1933.)

TYE, SILER, GILLIS & SILER and G. W. HATFIELD for appellant.

STEPHENS & STEELY and J. E. STEPHENS for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

While in the employ of the Stearns Coal & Lumber Company, Emanuel Duncan sustained an accidental injury and was awarded compensation at the rate of $11.70 per week for 300 weeks with interest on past-due payments, the whole amount not to exceed $4,000. The award was affirmed by the McCreary circuit court, and by this court. Stearns Coal & Lumber Company v. Duncan, 258 Ky. 346, 80 S. W. (2d) 4. A few days later Duncan was paid $1,600 in settlement of the claim and the case was reinstated and stricken from the docket. About a year later Duncan brought suit in the McCreary circuit court to enforce the award and to recover a $1,910 balance alleged to be due on the award. The court adjudged the settlement void, reinstated and approved the award, and gave judgment in favor of Duncan for $875.07, the amount of past-due payments. This sum was paid by the company, but it declined to make

any further payments. Thereupon this suit was brought to enforce the award. In its answer the company relied upon the release, and also on the judgment in the second suit as a bar to the action. An amended petition was filed asking a recovery of payments to date. The court sustained demurrers to both paragraphs of the answer, and, the company having declined to plead further, judgment was rendered in favor of Duncan for past-due payments amounting to $429.95, and interest amounting to $8.75, and for future payments at the rate of $11.70 per week until the award was fully paid, or was modified, vacated, or set aside in some particular permitted by law. The company appeals.

As the settlement was not approved by the Workment's Compensation Board, and is therefore void, Workmen's Compensation Board v. Abbott, 212 Ky. 123, 278 S. W. 533, 47 A. L. R. 789; Ray v. Black Mountain Corporation, 254 Ky. 800, 72 S. W. (2d) 477, and was so adjudged by the court in the second action, it is not contended that that paragraph of the answer pleading the settlement presented a defense.

Appellant's main contention is that the judgment in the second action awarding a recovery only for past-due payments is conclusive of appellee's right to future payments and the plea of res judicata should have been sustained. The argument is that, when the second suit was brought under section 4939, Kentucky Statutes, for the enforcement of the award, the judgment therein rendered was a full, complete, and final determination of all the questions that were presented, or might have been presented for the determination of the court. The sole purpose of section 4939, Kentucky Statutes, is to enforce the agreement approved by the board, or the order, decision, or award of the board, if unappealed from, or affirmed on appeal. Where, as here, that is the situation, all that the circuit court can do is to enforce the agreement, decision, or award, no matter how erroneous it may be. Harlan Wallins Coal Corporation v. Hensley, 237 Ky. 310, 35 S. W. (2d) 333. The award being valid, all payments go as a matter of course, and the failure to adjudge future payments will not be given an effect contrary to the award, or the judgment upholding the award. However, no reason is perceived why the court, in order to facilitate the collection of

the compensation, and also avoid useless expense, may not, as in actions on insurance policies providing for payment in monthly installments, adjudge a recovery not only of past-due payments, but all future payments subject to the vacation or modification of the award. Equitable Life Assurance Society v. Goble, 254 Ky. 614, 72 S. W. (2d) 35. We are therefore constrained to hold that the plea of res judicata is not available.

But the judgment appealed from is attacked on the ground that it adjudges future payments, and is also duplicitous. In view of what has already been said, the first contention is without merit, and, though the judgment may be subject to criticism for reiteration, it must not be overlooked that after all its purpose was simply to give effect to the award, and it will be given that construction and no other.

Judgment affirmed.