**Mrs. Fred H. PATTERSON, Executrix of the Estate of Fred A. Patterson, Deceased, Appellant,**

**v.**

**APPALACHIAN REGIONAL HOSPITAL, INC. and Workmen's Compensation Board, Appellee.**

Court of Appeals of Kentucky.

Oct. 13, 1967.

Watson & Watson, Middlesboro, for appellant.

Grant F. Knuckles, Pineville, for appellee.

OSBORNE, Judge.

The appellant, Mrs. Fred A. Patterson, executrix of the estate of Fred A. Patterson, deceased, is appealing from an order of the Harlan Circuit Court affirming an

order of the Workmen's Compensation Board refusing to allow and award specific medical expenses pursuant to a general award of medical expenses.

In 1964 Fred A. Patterson was employed by the Appalachian Regional Hospitals as an air conditioning repairman for the various hospitals in the chain. He lived in Middlesboro and worked out of the Harlan hospital from where he started every Monday to make his rounds of maintenance and repair. On July 27, 1964 he was sent to the hospital at Wise, Virginia, some 65 miles from his home, to make some repairs. He finished the work that day, but had to check it the next day. He checked into a local motel, which was his usual practice. While there, he slipped and fell in the bathroom receiving a severe concussion. The following day he was taken to the hospital at Wise, Virginia, where he had been working. There he was examined and sent on to another of the hospitals belonging to the employer where he was treated by doctors from an affiliated clinic. Both the hospital and doctor apparently sent him bills. He filed a claim for compensation with the Workmen's Compensation Board but died before his claim was ruled upon. His widow revived the claim as executrix. The Board awarded compensation and entered a general medical award. The compensation has been paid and is not disputed.

Subsequently, the attorney for the appellant moved the Board to set his fee equal to 20% of the compensation and medical expenses. Apparently toward this end, in the same motion he requested that the Board specifically award the medical bills which had been incurred. The Board refused to do this and subsequently awarded an attorney's fee based upon the compensation alone.

Appellant's only contention upon this appeal is that KRS 342.035 and 342.020 require that the Board pass upon the reasonableness of hospital and medical fees. The facts in the case show that the reason-ableness of the medical fees was not questioned. Indeed it is hard to imagine how the appellee could argue that the fees were unreasonable as most of the charges are for their own service—and the rest for the services of an affiliated clinic.

In a situation such as this the general medical award becomes an order for the employer to pay the medical expenses so long as they do not exceed the maximum set in the award. Pioneer Coal Co. v. Sparks, Ky., 249 S.W.2d 725. It is within the circuit court's power to determine whether or not given amounts have been paid. Stearns Coal & Lumber Co. v. Duncan, 271 Ky. 800, 113 S.W.2d 436. Therefore, the circuit court could have enforced this order. If there were any question as to the reasonableness of the fees, the *employer* could have the Board pass upon that issue. In this case, such a determination was unnecessary, and could serve no legitimate purpose. The Board's action in refusing to allow and order the payment of the specific amounts was proper.

The judgment is affirmed.

All concur.