Kay Horner PORTER and Alexander M. Horner, Appellants,

v.

CITIZENS FIDELITY BANK AND TRUST COMPANY et al., Appellees.

CITIZENS FIDELITY BANK AND TRUST COMPANY et al., Appellants,

v.

WYATT, GRAFTON & SLOSS, et al., Appellees.

Court of Appeals of Kentucky.

March 25, 1977.

Robert L. Maddox, Jon L. Fleischaker, Wyatt, Grafton & Sloss, Louisville, for appellants.

James Brown, Louisville, for Citizens Fidelity Bank & Trust Co.

Homer B. Parrent, Louisville, for Carl John Horner and Annette Kay Horner.

Kyle T. Hubbard, Louisville, for Alexander M. Horner, Jr., Vicki Lee Horner, Holly Kay Horner and unknown defendant.

Before HOWARD, LESTER and PARK, JJ.

HOWARD, Judge.

This appeal involves three trusts in which the trustee, Citizens Fidelity Bank and Trust Company, requested a declaration of rights from the Jefferson Circuit Court. The trial court determined that even though the 1941 trust created by Albert Horner, hereinafter the Horner Trust, no longer had any corpus, that it had not terminated because it still had a valid trust purpose, that being a conduit for other property which might be given to it. It further held that the Fearson Trust created by Horner's aunt, Margaret Horner Fearson, in 1943 for the benefit of his children, Kay Horner Porter and Alexander M. Horner, had terminated by its own terms at his death. With the trial court's determination that the Horner Trust was still in existence at the time of Albert's death, the corpus of the Fearson Trust would pour over into the Horner Trust instead of being paid to Kay and Alexander. The trial court also assessed as part of the cost of the declaratory judgment attorney fees for Kay Horner Porter and Alexander M. Horner.

The appellants, Kay Horner Porter and Alexander Horner, contend that the trial court erred in its determination that the trust had not terminated. They maintain that the Horner Trust had terminated for all intents and purposes because the insurance policies which were the corpus of the trust were allowed to lapse.

 We find that the trial court did not err in its determination that the Horner

Trust had not terminated. An examination of the pertinent sections of the trust reveal that the grantor intended the trust to have a dual function, that being a conduit for any property which might be devised, bequeathed or given to the trust as well as being an insurance trust. Since the grantor's purposes in establishing the trust has not yet been accomplished, the trial court was correct in determining that the Horner Trust had not terminated despite its lack of corpus. Bogert, *Trusts*, p. 536 (5th ed. 1973); *Delaware Trust Company v. Davis*, 39 Del.Ch. 322, 163 A.2d 588 (1960).

 The next question that we are presented with is what was the intention of Mrs. Fearson when she had the Kay Horner Porter Trust and the Alexander Horner Trust created. The appellants contend that she meant for them to have the corpus of the trusts if the Horner Trust had terminated or no longer had any corpus. The pertinent section of the Fearson Trusts is as follows: ". . . if the trust has been terminated by reason of the fact that Albert W. Horner's wife and children predeceased him or otherwise." The appellants maintain that the "or otherwise" phrase covers situations such as the trust no longer having any corpus. To bolster this view, they sought in the lower court to introduce evidence of this intention by a letter written by Mrs. Fearson several years after the creation of the trust. In the letter Mrs. Fearson stated that she considered the Horner Trust terminated due to its lack of corpus. The trial court would not allow introduction of the letter. Since the trust is clear and unambiguous on its face, it would have been a violation of the parol evidence rule to have allowed introduction of extrinsic evidence such as the letter so the trial court's ruling was correct.

We find no merit in the appellants' interpretation of the term "or otherwise" in the Fearson Trusts. Since the Horner Trust was still in existence at the time of Albert's death the corpus of the two Fearson Trusts should pour over into the Horner Trust and be administered according to its terms.

Ky.Rev.Stat. 418.070 provides that it is within the discretion of the trial court to award costs if the parties have not so stipulated. The trial court in this case awarded attorney fees for Kay Porter and Alexander Horner as part of the costs of the action. Exception to this ruling has been raised.

We find that it was improper for the trial court to award attorney fees in this action. The cases, *Goodwin's Ex'r v. Goodwin*, 301 Ky. 526, 192 S.W.2d 493 (1946) and *Croley v. Adkins*, 305 Ky. 765, 205 S.W.2d 332 (1947) cited by appellee, Wyatt, Grafton and Sloss do not support the position that attorney fees should be awarded. The above cited cases are suits to settle an estate where there is no question that the results will benefit all the parties, which cannot be said here. In this case there is a true adversary proceeding where the interest of the parties is in conflict.

We find no authority to support the position that the trial court had the inherent authority to award attorney fees. There has long been a distinction in Kentucky between costs and attorney fees with costs encompassing the actual expenses of litigation and not attorney fees.

The judgment pertaining to the trust is affirmed and reversed as to the attorney fees.

All concur.