FEDERAL INSURANCE COMPANY, Appellant,

v.

Gordon M. WEST and the Kentucky Workers' Compensation Board, Appellees.

Court of Appeals of Kentucky.

April 10, 1981.

Jonathan Freed, Paducah, for appellant.

Dick Adams, Madisonville, for appellees.

Before McDONALD, REYNOLDS and WINTERSHEIMER, JJ.

WINTERSHEIMER, J.

This appeal is from a summary judgment entered March 26, 1980, which awarded West $2,137 in disability benefits and an attorney's fee of $1,578.75, involving a dispute concerning the amount of benefits payable under a Kentucky Workers' Compensation Board award.

West sought to enforce the award of the Board granting him temporary total benefits from February 15, 1975, through August 4, 1975. He sustained a work-related injury on February 15, 1975, while employed as a truck driver. As a result of the truck-automobile collision, he instituted an independent suit against the tort-feasor for his injuries as well as a workers' compensation claim against his employer. Federal Insurance Company provided workers' com-pensation coverage. The insurance company intervened in the civil suit to protect its subrogation rights. Federal Insurance paid $1,717.15 to West. $1,232 was for temporary total disability benefits from February 15, 1975, through May 7, 1975, and an additional $485.15 was for medical payments.

In the civil action against the tort-feasor a gross settlement of $10,000 was paid to West. Federal Insurance was paid back the $1,717.15, less court costs and attorney's fees for a net payment of $1,008.75. West then filed this action to recover his temporary total disability payments of $2,137, which he says represents the temporary total disability benefits due him under the Workers' Compensation Board's original order. The trial court granted a summary judgment to West, and awarded $1,578.75 as attorney's fees because it found that the insurance company's defense of this action was without reasonable grounds. This appeal followed.

Federal Insurance argues as follows:

(1) The summary judgment amounts to a double recovery in contravention of the law.

(2) The attempted enforcement of the Board's opinion and award is barred by accord and satisfaction.

(3) That the award of attorney fees is not authorized by statute or case law.

This Court affirms so much of the judgment as awards $2,137 for temporary total disability payments, but reverses the award of attorney's fees.

The summary judgment against Federal Insurance for $2,137, representing the amount of the temporary total disability benefits granted by the Board, was correct. The company's defense that there has been an accord and satisfaction of the payment merely because a letter from West's attorney mistakenly indicated that the attorney thought the temporary total disability payment had been made is without merit. There is no showing that there is any double recovery as claimed by the company. The money was due and owing West as a result of the action of the Compensation

Board and was in no sense any kind of negotiated settlement.

 It has long been held that any agreement between an employer and employee is not valid if it has not been approved by the Board. *Stearns Coal & Lumber Co. v. Duncan*, 271 Ky. 800, 113 S.W.2d 436 (1938). The draft endorsed by West for permanent partial benefits, and not temporary total disability payments, was only a receipt and unless it was specifically approved by the Board, it cannot be considered as a waiver of all past due benefits. *Heaston v. Berndsen-Jones, Inc.*, Ky., 438 S.W.2d 795 (1969).

West's endorsement on the draft is merely an acknowledgment that he has received a certain sum of money which is not in controversy here.

 Although West's counsel presents a very learned argument for the imposition of a penalty against the company, under all the circumstances presented here, we are not persuaded that it can be applied. The circuit court awarded attorney's fees on the basis of K.R.S. 342.310 which provides that the whole costs of the proceeding may be assessed against the party who has brought, prosecuted or defended an unreasonable proceeding without reasonable ground. It does appear that the company's vexing attitude requiring an additional suit by West is unreasonable. However, the case of *Porter v. Citizens Fidelity Bank & Trust Co.*, Ky. App., 554 S.W.2d 397 (1977), prevents an award of attorney's fees under that section of the statute. There has long been a distinction in Kentucky between costs and attorney's fees with the costs encompassing the expenses of litigation excluding attorney's fees. Under all the circumstances, we cannot extend the meaning of "whole costs" to include attorney's fees.

Therefore the judgment of the circuit court awarding $2,137 is affirmed, but the award of attorney's fees is reversed.

All concur.