Eddie Lee HALE, Appellant,

v.

NUGENT SAND COMPANY, INC.; John Calhoun Wells, Commissioner of Labor and Custodian of the Special Fund and Workers' Compensation Board, Appellees.

Court of Appeals of Kentucky.

Sept. 23, 1983.

Case Ordered Published by Court of Appeals Oct. 7, 1983.

Freeman B. Blackwell, Louisville, for appellant.

Irvin Abell III, Thomas A. Wiseman III, Brown, Todd & Heyburn, Louisville, for appellee, Nugent Sand Co., Inc.

Denis S. Kline, Dept. of Labor, Louisville, for appellee, Special Fund.

Before WHITE, DUNN and WILHOIT, JJ.

WHITE, Judge.

This appeal is from a Jefferson Circuit Court action by which Eddie Lee Hale's Workers' Compensation enforcement action was remanded to the Board.

Eddie Lee Hale, in 1976, was found by the Board to be one hundred (100%) percent occupationally disabled for an indeterminate period of time and was awarded, inter alia, the routine provision entitling him to recover "such medical, surgical and/or hospital expenses as may be reasonably required for the cure and treatment of his injury, and during disability." In January 1979, Nugent Sand unilaterally terminated its payment of Hale's medical expenses because it believed those expenses were not reasonable under KRS 342.020.

In January 1982, appellant filed an enforcement action and included therewith a copy of the award as required by KRS 342.305. Thereafter, Hale moved for Summary Judgment, accompanying his motion with his affidavit and copies of his medical bills. Nugent Sand, in response, asserted (1) the Circuit Court did not have jurisdiction over appellant's claim because only the Board can determine whether medical expenses are reasonable and (2) whether medical expenses are reasonable presents a genuine issue of material fact as to preclude Summary Judgment; remand to the Board was sought.

Eddie Lee Hale now appeals from the Circuit Court's Order overruling his motion to set aside the Court's Order for remand to the Board.

Three issues are raised before us:

(1) That the Circuit Court erred in remanding the case to the Board in that the Court was the proper forum for the enforcement action,

(2) That the Circuit Court erred in failing to enter a Summary Judgment in his favor, and

(3) That appellee Nugent Sand should be assessed costs under KRS 342.310.

In support of the first argument appellant cites KRS 342.305 which provides in pertinent part: "Any party in interest may file in the circuit court of the county in which the injury occurred a certified copy of ... an award of the board on appeal from .... *The court shall render judgment in accordance therewith* and notify the parties." (Emphasis added.) *See also Pierce v. Russell Sportswear Corporation,* Ky.App., 586 S.W.2d 301 (1979).

Appellee Nugent Sand concedes that the Circuit Court has exclusive jurisdiction to enforce an award but asserts that the Court properly remanded the case to the Board as only the Board has jurisdiction to determine whether appellant's medical expenses are reasonable. Nugent relies upon KRS 342.-035(1) which states: "All fees and charges under KRS 342.020 shall be fair and reasonable, shall be subject to regulation by the board ...."

It is apparent that only the Board has jurisdiction to determine the reasonableness issue. In support thereof are two additional statutes: KRS 342.320(1) states "All fees of attorneys and physicians ... shall be subject to the approval of the board." KRS 342.325 provides "All questions arising under this chapter, if not settled by agreement of the parties interested therein, with the approval of the board, shall be determined by the board except as otherwise provided in this chapter." Nevertheless, the immediate issue in this action concerns the proper procedure to be followed when disputes such as this arise. Appellant correctly brought an enforcement

action in Circuit Court (KRS 342.305) which appellee Nugent Sand sought to block through raising the issue of the reasonableness of his medical expenses. It was, however, incumbent upon Nugent Sand to initiate consideration of the reasonableness question before the *Board.*

KRS 342.020(1) makes evident that the injured employee has control over his care ("The employe may select the physician to treat his injury, and the hospital in which he shall be treated."); however, this is subject to section (3) thereof:

> *Upon motion* of the employer, ... if it is shown *to* the satisfaction of *the board* ... that [the award is] being spent without reasonable benefit to the employe ... the board may allow the employer to select a physician to treat the employe and the hospital or hospitals in which the employe is treated for his injury or disease. (Emphasis added.)

■ The Board has continuing jurisdiction over the amounts payable under an Award. *Patterson v. Appalachian Regional Hospital, Inc.,* Ky., 419 S.W.2d 562 (1967), and KRS 342.020(3). Moreover, the Circuit Court under KRS 342.305 is constrained to do no more than "render judgment in accordance therewith." Failing to have presented the issue by motion before the Board, Nugent Sand is estopped from disputing sums due and payable as a defense to Mr. Hale's enforcement action. *See Sizemore v. Bennett,* Ky., 408 S.W.2d 449 (1966).

■ Until such time as the Board, pursuant to the employer's motion, alters the Award, it is enforceable to the full extent of the terms it embraces. The Jefferson Circuit Court erred in not doing so. Accordingly, appellant's second argument that the Circuit Court should have entered Summary Judgment in his favor is correct.

Mr. Hale's final argument is that pursuant to KRS 342.310 Nugent Sand should be assessed the costs of these proceedings because the employer's termination of and four-year refusal to pay under the Award were without legal basis. The statute allows a court to assess the "whole cost" of a proceeding against a party who "defended without reasonable grounds."

■ It is obvious from our reasoning above that Nugent Sand's "defense" to the Circuit Court in the enforcement action was precluded statutorily and as such was unsound. Nevertheless, KRS 342.310 grants to the Circuit Court the discretion in making a determination regarding costs. This matter, however, was not addressed in the lower Court's Order of remand and is therefore not before us for review. It remains a concern which is to be considered upon entry of Summary Judgment in Mr. Hale's favor as directed through this Opinion.

The Order remanding to the Board is vacated and this cause is remanded to the Jefferson Circuit Court with directions to enter Judgment for Eddie Lee Hale as required under KRS 342.305.

All concur.