**BROWN BADGETT, INC., Movant,**

v.

**Landon A. CALLOWAY, Workers' Compensation Board, Respondent.**

Supreme Court of Kentucky.

Sept. 13, 1984.

William P. Swain, Larry L. Johnson, Boehl, Stopher, Graves & Deindoerfer, Louisville, for movant.

Joseph H. Kelley, Monhollon, Bruce & Kelley, Greenville, for respondent.

STEPHENSON, Justice.

The trial court entered judgment in a KRS 342.305 proceeding to enforce the medical portion of an award of the Workers' Compensation Board. The Court of Appeals affirmed the judgment of the trial court. We granted discretionary review and reverse.

A narrow question of jurisdiction was presented to the trial court and was the sole argument before the Court of Appeals.

As background, Calloway received a disability award from the Workers' Compensation Board. The opinion and award stated the usual requirement that the employer pay hospital, medical, etc. bills as may be reasonably required for the cure and relief from the effects of the injury. Sometime after the disability award became final, Calloway submitted to Brown Badgett a bill for medical services from a Dr. West. Brown Badgett declined to pay the bill on the ground that it would be payment for an "expert witness fee" and not for reason-ably necessary treatment of the injury. It was then that Calloway filed a proceeding pursuant to KRS 342.305 claiming that the medical bill was for treatment.

Brown Badgett filed a motion to dismiss the proceeding on the ground that the circuit court did not have jurisdiction to hear the issue. The trial court denied the motion and entered judgment. The Court of Appeals' opinion disposed of the assertion of lack of jurisdiction by stating that Brown Badgett "is nonetheless not in position to argue that error occurred because it never raised the issue of the reasonableness and compensability of West's medical fees before the Board." The Court of Appeals relied upon *Patterson v. Appalachian Regional Hospital, Inc.*, Ky., 419 S.W.2d 562 (1967). We have examined *Patterson* and are of the opinion it is not authority for the expressed proposition in the Court of Appeals' opinion.

*Patterson* involved an attempted proceeding to set an attorney fee equal to 20% of the award *and medical expenses*. The Board declined to pass upon the reasonableness of hospital and medical fees. We observe that the reasonableness of the fee was not questioned. We further observed that it is within the power of the circuit court to determine whether given amounts have been paid. Further that the *Board* should pass upon any question about the reasonableness of the fees.

■ We are of the opinion the trial court erred in not dismissing the proceeding for want of jurisdiction. Proceedings involving workers' compensation are controlled by KRS Chapter 342, KRS 342.035(1) provides in part:

"All fees and charges under KRS 342.-020 shall be fair and reasonable, shall be subject to regulation by the board and shall be limited to such charges as are reasonable for similar treatment of injured persons .... In determining what fees are reasonable, the board may also consider the increase security of payments afforded by this chapter."

In addition KRS 342.320(1) provides: "All fees of attorneys and and physicians, and

all charges of hospitals under this Chapter, shall be subject to the approval of the board." Lastly, KRS 342.325 provides:

"All questions arising under this chapter, if not settled by agreement of the parties interested therein, with the approval of the board, shall be determined by the board except as otherwise provided in this chapter."

It is perfectly apparent that this legislation reposes exclusive jurisdiction in the Workers' Compensation Board to determine the issue in this case.

The opinion of the Court of Appeals, which in effect involved waiver in order to affirm the trial court, is not in accord with established principles of law in this Commonwealth. Jurisdiction in the circuit court is not conferred by waiver. In this regard, our attention is directed to an opinion of the Court of Appeals rendered after the decision of the Court of Appeals in this case.

*Hale v. Nugent Sand Co., Inc.*, Ky.App., 657 S.W.2d 246 (1983), recognizes that only the Board has jurisdiction to determine the reasonableness of medical etc. fees (this would also include whether the fees represent reasonably necessary treatment, the issue here), but held that the employer having failed to present the issue to the Board, is "estopped" from disputing the sums alleged to have been due and payable. In *Hale* the employer terminated payment of Hale's medical expenses three years after the award on the ground that the expenses were not reasonable under KRS 342.020.

We are of the opinion this decision of the Court of Appeals is erroneous. Jurisdiction in this respect cannot be conferred by *estoppel* or *waiver*. Cf. *Duncan v. O'Nan*, Ky., 451 S.W.2d 626 (1970). In *Hale*, as here, the statutes require that the complaining party petition the Workers' Compensation Board to resolve the dispute. Although concluding that *Hale* is erroneous, we cannot overrule the decision for the reason it was not rendered by this court. It cannot be reversed for the reason it is not before us. We can only say that *Hale*

is erroneous and not in accordance with the law of this Commonwealth.

The decision of the Court of Appeals is reversed and the judgment of the trial court is reversed with directions to dismiss the proceeding for want of jurisdiction.

All concur.