Cathy Utley Costelle, David Randall Allen, Louisville, for appellant.

Daniel F. Dotson, Whitesburg, for appellee.

Before EMBERTON, HOWERTON and STUMBO, JJ.

Vicki G. **NEWBERG**, Acting Director of Special Fund, Appellant,

v.

Willie T. **EVERIDGE**, Appellee.

No. 91–CA–001394–MR.

Court of Appeals of Kentucky.

Oct. 2, 1992.

Modified Nov. 6, 1992.

Case Ordered Published by Court of Appeals Nov. 6, 1992.

EMBERTON, Judge.

This is an appeal from an order of the circuit court accelerating the liability of the Special Fund pursuant to a settlement agreement between the employer and the appellee. On appeal, the principal issue is whether the circuit court erred as a matter of law in entering such an order given the language of KRS 342.305. We hold that the circuit court did err as a matter of law and reverse and remand.

On May 22, 1989, an award was entered for the claimant, Appellee Willie T. Everidge, by an Administrative Law Judge. Under the terms of the award, the employer was liable for 60% of the appellee's liability with the Special Fund being responsible for 30%. The order stated that both the employer and the Special Fund were to pay weekly benefits to the appellee.

Thereafter the employer, CRS Pick Pack, and the appellee reached an agreement to dispose of the employer's portion of the total liability. The Special Fund was not a party to the agreement, which was subsequently incorporated into an order entered by the Administrative Law Judge. Under the terms of the agreement, the appellee was to receive a lump sum payment from

the employer. The benefits payable to him by the Special Fund were not to begin until August 10, 2005.

Nevertheless, the appellee sought to accelerate the payments due him from the Special Fund by filing an enforcement action in the circuit court under the provisions of KRS 342.305. Under that statute, the circuit court has the jurisdiction to enforce a final order and award entered by the Department of Workers' Claims. Initially the circuit court entered an order sustaining the motion of the claimant and ordered the Special Fund to accelerate its payments. It then entered a second order denying the motion and affirming the order of the Administrative Law Judge. Finally it entered a third order overruling the second order of May 13, 1991, again accelerating the payments. It is from this third order that the Special Fund now appeals.

Initially, the Special Fund argues that the circuit court erred as a matter of law in ordering its payments to the claimant accelerated, in that the circuit court only had jurisdiction to enforce the specific language of the settlement agreement, an agreement which had been approved by the Board. *See Stearns Coal and Lumber Co. v. Duncan,* 271 Ky. 800, 113 S.W.2d 436 (1938). It argues that since the language of the settlement agreement stated that the Special Fund's liability would not begin until the year 2005, the circuit court could not accelerate its liability. We agree.

Clearly, the circuit court had authority to enforce the settlement agreement between the parties. Yet, the agreement did not provide that the Special Fund's liability *could* be accelerated if a lump sum settlement agreement was reached between the appellee and the employer.

Under the decision of the court in *Palmore v. Helton,* Ky., 779 S.W.2d 196 (1989), there is authority to accelerate the liability of the Special Fund in situations involving a unilateral settlement between a claimant and an employer *if* that settlement is entered into *prior* to a final decision by the Administrative Law Judge. However, there is no such authority to accelerate its liability when the settlement agreement is entered into *after* the original award is entered. In other words, the decision of the court in *Helton* applies only to pre-award settlements.

Any post-award settlement is governed by the language of KRS 342.150. That section requires that all parties be involved in any post-award agreement. The court in *Helton* stated that:

> ... the lump sum settlement found in each of these cases does not offend the provisions of KRS 342.150, which requires application for settlement to be made by *all* parties. As correctly stated by the Court of Appeals, KRS 342.150 applies to post-award settlements and not settlements made prior to the award, as in the instant cases.

*Id.* at 198. In that the settlement agreement was strictly between the appellee and the employer, and not with the Special Fund as well, the Special Fund did not agree to acceleration of its liability. Consequently, under the language of KRS 342.150 there is no basis for accelerating its payments. Therefore, the circuit court clearly erred in its ruling.

The circuit court's order is reversed and it is directed to reinstate the December 22, 1989, order of the Department of Workers' Claims.

HOWERTON, J., concurs.

STUMBO, J., concurs in result only.