Michael A. MORGAN, Gail Morgan and Aetna Life and Casualty Insurance Company, Appellants,

v.

James S. HILL and William L. Judge, Appellees.

Court of Appeals of Kentucky.

Jan. 20, 1984.

Joe Bill Campbell, Campbell & Crandall, Joseph R. Huddleston, Mark H. Flener, Huddleston, Brothers & Duncan, Bowling Green, for appellants.

G.D. Milliken, Jr., Milliken & Milliken, Bowling Green, for appellees.

Before HAYES, C.J., and MILLER and PAXTON,[1] JJ.

HAYES, Chief Judge.

The sole question to be considered in this appeal is whether the trial judge erred in granting directed verdicts in favor of the appellees. In our opinion, the trial judge improperly concluded that the evidence was not sufficient to submit the case to the jury, and accordingly, we reverse the judgment and remand this action for trial on the merits.

On February 5, 1979, appellant Michael Morgan injured his cervical spine while installing an electrical conduit. Despite the discomfort he was experiencing, he continued to work for about three weeks before seeking medical attention at the emergency room of the Bowling Green—Warren County Hospital where his condition was diagnosed as a "sprained back." Morgan returned to work, but later that afternoon he sought treatment from appellee James Hill, a chiropractor. Dr. Hill treated Morgan for approximately one month. On one occasion

he was treated by Dr. Hill's associate, Dr. William Judge.

Morgan testified that during one of the chiropractic treatments rendered by Dr. Hill he experienced a sharp pain that radiated down his arm, a sensation that had not been present prior to the treatment. When Morgan's condition did not improve despite the ongoing chiropractic treatments, he consulted a neurosurgeon who diagnosed Morgan's condition as a "ruptured disc." A myelogram confirmed the diagnosis and ultimately a cervical laminectomy was performed.

Morgan and his wife instituted this action alleging that the chiropractic treatments he received caused his disc to rupture. A jury trial was conducted but the trial judge directed verdicts in favor of both Drs. Hill and Judge. The trial judge ruled that Dr. Judge's participation in the treatment program was so minimal that liability could not attach to him. With this ruling we agree and hold that it was proper to direct a verdict in favor of Dr. Judge.

A verdict was later directed in Dr. Hill's favor on the basis that appellants had failed to establish a causal connection between the injuries Michael Morgan sustained and the treatment rendered by Dr. Hill. The trial judge also ruled that appellants had failed to establish the standard of care by which the conduct of the chiropractors was to be judged.

Appellants argue that both elements, causation and standard of care, were adequately established by the testimony of Dr. Russell Rothrock, a neurosurgeon, the testimony of Michael and Gail Morgan, and the testimony of the defendant, Dr. James S. Hill.

We disagree with the trial judge's assessment as to when and how the injury to Morgan's disc occurred and believe that question was one for the jury to decide. Absent an adequate standard by which to judge the treatment received by Michael Morgan, the case should not have gone to a jury. At the close of the plaintiff's case, no

1. The decision in this case was made prior to Judge Paxton's departure from the Court.

such standard had been established, but at the close of all evidence this defect in the plaintiff's case was remedied by the evidence put on by the defendants. *See Cassinelli v. Begley,* Ky., 433 S.W.2d 651 (1968). The defendant testified that Morgan's condition called for "gentle" manipulations. Morgan testified that the manipulations that Dr. Hill performed on him were anything but "gentle." If the jury chooses to believe Morgan, then negligence has been established.

 Certainly, a medical doctor can testify as to the *cause* of any injury, just as a chiropractor may so testify. A physician may not testify to the chiropractor's standard of care, however, because he does not have the appropriate training and experience to determine what constitutes chiropractic malpractice. Here, the neurosurgeon testified that it was his expert medical opinion to a reasonable medical certainty that the ruptured disc was caused by the manipulations. *See Seaton v. Rosenberg,* Ky., 573 S.W.2d 333 (1978); and *Walden v. Jones,* Ky., 439 S.W.2d 571 (1968). The record contains chiropractic testimony which established the standard of care, and the plaintiff Michael Morgan testified that the chiropractor treated him in such a way that the standard of care was not followed. We have causation from the neurosurgeon, standard of care from the defendants, and breach of the standard from the plaintiff. If a jury chooses to accept the testimony, then the defendant Dr. Hill may be held liable for malpractice.

The judgment of the Warren Circuit Court is affirmed as to Dr. Judge and reversed as to Dr. Hill and remanded for proceedings consistent with this opinion.

All concur.