**James Casper AUSMUS, III, Appellant,**

v.

**Cecil PIERCE; Puckett Creek Coal Company; Special Fund; Irene Steen, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

No. 94–SC–552–WC.

Supreme Court of Kentucky.

Jan. 19, 1995.

Rehearing Denied April 20, 1995.

Phillip Gowin Taylor, Taylor Law Offices, Middlesboro, for appellant.

Robert B. Bowling, Middlesboro, for appellee Pierce.

Edward A. Siemon, Harlan, for appellee Puckett Creek Coal Co.

Mark C. Webster, Labor Cabinet, Sp. Fund, Louisville, for appellee Special Fund.

## OPINION OF THE COURT

The appellant in this workers' compensation case is claimant's treating chiropractor, Dr. Ausmus. After suffering a work-related back injury on July 13, 1987, this workers' compensation claim was settled for 75% occupational disability benefits apportioned equally between the employer and the Special Fund. The employer reopened the case to contest the reasonableness and necessity of chiropractic treatments performed by Dr. Ausmus.

The Administrative Law Judge (ALJ) held that the employer was not responsible for payment of chiropractic expenses incurred after June 23, 1989, because they were neither reasonable nor necessary. KRS 342.020(1). This decision was affirmed by the Workers' Compensation Board (Board) and the Court of Appeals.

We are not persuaded by appellant's argument on the merits of the claim. Appellant's position is that the ALJ disregarded *National Pizza Co. v. Curry,* Ky.App., 802 S.W.2d 949 (1991), wherein the Court of Appeals clarified that medical treatments for the cure *or* relief of claimant may be at the expense of the employer. However, this does nothing to the requirement that the treatments must be reasonable and necessary. *Square D. Company v. Tipton,* Ky., 862 S.W.2d 308 (1993).

In this case, the evidence revealed that the treatments provided some relief to claimant, and this does bring them within the ambit of KRS 342.020. However, the ALJ believed that the evidence showed that after a period of time, the treatments became counterproductive and created an unhealthy dependence on Dr. Ausmus' manipulations rather than encouraging patient activity to increase mo-

bility. Even though treatments which merely provide some relief may be considered reasonable, if the evidence shows that over time those treatments become counterproductive, it is not erroneous for the ALJ to determine that they are no longer reasonable.

We find nothing, as a matter of law, in the ALJ's analysis that conflicts with KRS 342.020 or *National Pizza Co.* We are, however, persuaded by appellant's position that he was denied an opportunity to defend.

 On October 10, 1991, Dr. Ausmus filed a motion and affidavit to enter as an intervening plaintiff and a motion to compel payment of medical expenses. On January 28, 1992, the ALJ rendered the Opinion and Order and simultaneously joined Dr. Ausmus as a party to the claim.[1]

Appellant argues that because he was not named a party until the opinion was rendered, he was precluded from establishing any defense until it was too late. This fact destroyed his right to due process and undermined his ability to respond to the statements of the other physicians who testified in this case.

Appellant supports his position by pointing out that the only evidence presented (in addition to his own deposition) regarding the reasonableness and necessity of the chiropractic treatment was from an orthopedic surgeon. Had he been given the opportunity, appellant submits that he would have presented the testimony of other chiropractors qualified to attest to the reasonableness and necessity of chiropractic treatments. *Morgan v. Hill,* Ky.App., 663 S.W.2d 232 (1984).

We are persuaded by appellant's argument because it has not been rebutted. The employer failed to file an appellee brief, and we regard this failure as a confession of error. CR 76.12(8)(c)(iii). No motion was filed requesting an extension of time to file a brief, nor were any appellee arguments preserved, as was the case in *Mastin v. Liberal Mar-*

*kets,* Ky., 674 S.W.2d 7 (1984), by reason of the brief filed by coappellees.[2]

For these reasons the claim is remanded to the ALJ for consideration of evidence submitted by appellant in accordance with this decision.

STEPHENS, C.J., and LEIBSON, REYNOLDS, SPAIN and STUMBO, JJ., concur.

LAMBERT and WINTERSHEIMER, JJ., concur in result only.

---

1. Effective March 9, 1993, 803 KAR 25:012, Section 1, specifically permits the medical provider to seek adjudication of a dispute regarding medical services.

2. The only appellee brief filed was a statement on behalf of the Special Fund pointing out that it is not liable for the payment of medical bills.