**WESTVACO CORPORATION and Fred S. James & Company, Movants,**

v.

**Gary FONDAW, Respondent.**

Supreme Court of Kentucky.

Oct. 31, 1985.

Earle T. Shoup, Peck, Jackson & Shoup, Paducah, for movants.

James W. Owens, Paducah, for respondent.

STEPHENSON, Justice.

The controversy in this appeal arises over a dispute as to whether certain medical charges were reasonable. The trial court determined that there was a factual issue which should be determined by the Workers' Compensation Board. The Court of Appeals reversed. We granted discretionary review and reverse the decision of the Court of Appeals.

Gary Fondaw received an award from the Workers' Compensation Board for disability. The award contained the standard language awarding medical expenses for the duration of the disability.

Fondaw presented medical bills and travel expenses, which Westvaco declined to pay. Fondaw filed suit to enforce payment in circuit court. Westvaco answered that the medical expenses were not related to the injury, the travel expenses were at a rate in excess of the authorized rate, and that there was no justification for the travel expense.

The trial court determined that a factual question existed as to the eligibility of some of the claimed items of expenses and the reasonableness of other items. The trial court was of the opinion the Workers' Compensation Board was the proper tribunal to resolve the factual dispute.

The Court of Appeals reversed, holding that it is incumbent upon the employer to initiate consideration of the reasonableness issue before the Workers' Compensation Board, and having failed to do so, the employer is estopped from disputing the claim.

Fondaw argues that these medical bills were incurred during the period when the matter was litigated before the Workers' Compensation Board. He relies upon the fact that Westvaco did not make an issue of these bills before the Board.

Fondaw would distinguish *Brown Badgett v. Calloway*, Ky., 675 S.W.2d 389 (1984), from this case on the ground that the medical bills here were in existence prior to the award, whereas in *Brown Badgett*, the medical bills were incurred after the award.

We have examined the record and observe that the dates of the medical bills are near the date of the award by the Board. It appears that the employer did not have an opportunity to present the dispute over the bills to the Board. It is elementary that any medical bills presented

to the employer during the pendency of the proceedings before the Board must be contested before the Board and thus could not be disputed later in circuit court in a proceeding to enforce the award. KRS 342.305.

■ We are of the opinion the trial court properly determined that a factual issue existed over the medical bills, which must be resolved by the Board.

Should there be an issue here that the medical bills were submitted during the pendency of the proceeding in time for the employer to contest them before the Board, the trial court shall resolve the dispute.

We extend *Brown Badgett* which required the complaining party to petition the Board to resolve the dispute. The problem presented here, as in *Brown Badgett,* is procedural in nature—the proper method in which to bring the issue to the attention of the Board. We have reviewed KRS Chapter 342 and do not find any direct expression of a procedure to be followed in cases such as this.

We are of the opinion that KRS 342.125 can be construed to permit a proceeding for the employer to challenge a medical claim. This section provides a mechanism to reopen an award on the ground of change of condition, fraud, or mistake, and if there is a procedure to cover the present case, it is in this section of the statutes. KRS 342.035 provides that medical fees are to be reasonable and subject to regulation by the Board. Thus, we infer the legislature intended a procedure whereby disputes as to reasonableness, etc., could be resolved.

■ It appears to us that it is inefficient and expensive to have a matter such as this filed in circuit court in the first instance and then be referred to the Board. In the future, when an employer seeks to dispute a medical or drug bill submitted by the disabled worker, the procedure to be followed is for the employer to file a motion before the Board to reopen the award for medical expenses under KRS 342.125.

Fondaw cites the expense of expert testimony. We are of the opinion KRS 342.310

provides for assessing the cost of unreasonable proceedings and is sufficient protection.

The decision of the Court of Appeals is reversed.

All concur.