**PHILLIP MORRIS, INC., Appellant,**

v.

**Alice Faye POYNTER and Workers' Compensation Board, Appellees.**

No. 89–CA–001954–WC.

Court of Appeals of Kentucky.

March 23, 1990.

Douglas W. Becker and Scott F. Scheynost, Roach, Becker & Wheat, Louisville, for appellant.

Robert M. Lindsay, Louisville, for appellees.

Before CLAYTON, HOWERTON and McDONALD, JJ.

CLAYTON, Judge:

This appeal arises from a workers' compensation claim filed by Poynter. At issue are certain medical bills which Phillip Morris, Inc., the employer, and its insurance carrier have refused to pay. After a joint session, the administrative law judges overruled Poynter's motion to require payment of the bills, and the Workers' Compensation Board, by a two-to-one decision, set aside the ALJs' order and remanded the matter for entry of an order sustaining Poynter's motion. The employer thereafter prosecuted the present appeal to this court, and we now affirm.

On February 23, 1987, the "old" board decided that Poynter was entitled to temporary total disability benefits for several distinct periods, the last of which ended on December 16, 1985. Poynter's claim for permanent disability was dismissed because she had not suffered an injury of appreciable proportions. The award included the usual proviso that the employer was liable for medical expenses reasonably required for the cure and relief of the injury at the time of the injury and thereafter during disability.

On August 15, 1988, Poynter filed a motion to require the employer to pay $152.40 in medical expenses, which were for certain prescriptions, some portion of which have been described as for "antidepressants". The bills are variously dated from May 18, 1988, until June 24, 1988. The bills had been submitted to the employer on July 11, 1988, and had not been paid within the thirty (30) day limit set out in KRS 342.-020(1). The employer has also not filed a motion to reopen to challenge the bills. *See Westvaco Corporation v. Fondaw,* Ky., 698 S.W.2d 837 (1985).

The employer has defended its decision to reject the bills in several ways. It first argues that it is liable only during "disability" as set out in the award, which followed the letter of the statute, and that the last period for which Poynter was found disabled ended in 1985. It also argues against the applicability of *Westvaco*, since it is asserted Poynter is not disabled. Moreover, the employer argues that its failure to file a motion to reopen pursuant to *Westvaco* does not, in any case, waive its right to object to the bills.

We find that the key to resolving this appeal is *Westvaco*. It requires that employers who wish to challenge a medical or drug bill must file a motion to reopen. *Westvaco*, 698 S.W.2d at 839. We do not find the phrase included in the opinion in *Westvaco*, "submitted by the disabled worker", to be controlling, since it is the clear intent of the Supreme Court to require the employer to bear the burden in challenging a medical expense. As a result, it was incumbent upon Phillip Morris, Inc., to file a motion to reopen if it wanted to challenge the medical expenses submitted by Poynter.[1]

Phillip Morris, Inc., also suggests that *Zurich Insurance Company v. Mitchell*, Ky., 712 S.W.2d 340 (1986), indicates that the above construction is incorrect. Specifically, reference is made to language in *Zurich Insurance* that the "complaining party" must petition the board. *Id.* at 341, 343. Phillip Morris, Inc., argues that since Poynter is the party "complaining" she must petition the board.

We disagree. The phrase "complaining party", when considered with the language of *Westvaco*, establishes that the employer is the "complaining party". *See Zurich Insurance*, 712 S.W.2d at 345, n. 1 (Leibson, J., concurring in result). Any other interpretation would vitiate the Supreme Court's holding in *Westvaco* that employers must petition the board, since they could otherwise deny all medical bills submitted and wait and see if the employee would have the perseverance and "wherewithal" to petition the board.

Since Phillip Morris, Inc., did not file a motion to reopen challenging Poynter's medical bills, it is now foreclosed from challenging them. While *Westvaco, supra,* does not expressly state that failure to so file will constitute a waiver, we find that such a result is nonetheless required. Without some penalty for failing to comply with its dictates, *Westvaco* would be effectively negated. We do not think that the Supreme Court intended that its opinion become so much surplusage. As a result, we conclude the board was correct in finding that Phillip Morris, Inc., waived whatever objection it might have had to the bills submitted by Poynter since no motion to reopen was filed.[2]

We affirm the decision of the Workers' Compensation Board directing that the administrative law judges enter an order requiring Phillip Morris, Inc., to pay the bills submitted by Poynter.

All concur.

---

1. Pursuant to KRS 342.020(1), an employer has thirty (30) days in which to pay the bill. Alternatively, the clear import of *Westvaco, supra,* would require the employer to file its motion to reopen within that time period.

   We do note Phillip Morris, Inc.'s argument that under *Westvaco* it will bear the burden of challenging any medical bills submitted no matter how removed in time, or unrelated causally, from the work-related injury. We would agree there are potential difficulties with the procedure set forth in *Westvaco,* but note as the Supreme Court did in that case: "We have reviewed KRS Chapter 342 and do not find any direct expression of a procedure to be followed in cases such as this." *Westvaco,* 698 S.W.2d at 839. Since the Supreme Court has mandated a procedure regarding challenging medical bills, however, we must follow it. SCR 1.030(8).

2. Since there was a waiver of the employer's objection, we expressly do not reach the question of whether an employer will be liable for medical expenses arising from a work-related injury, which are incurred either when no occupational disability is found, or when only temporary occupational disability is found, and the expenses are incurred after the temporary disability has ended.