**NATIONAL PIZZA COMPANY, Appellant,**

v.

**Zack S. CURRY; Special Fund; Hon. Walter W. Turner, Jr., Administrative Law Judge; and Workers' Compensation Board of Kentucky, Appellees.**

No. 90–CA–1509–WC.

Court of Appeals of Kentucky.

Feb. 1, 1991.

David H. Neeley, Francis, Kazee & Francis, Prestonsburg, for appellant.

Zack S. Curry, Williamson, W.Va., pro se.

Cathy Utley Costelle, Louisville, for appellee Special Fund.

Walter W. Turner, Jr., Administrative Law Judge, Lexington, pro se.

Before LESTER, C.J., and HOWARD and McDONALD, JJ.

McDONALD, Judge.

In July, 1988, the appellee, Zack S. Curry, a 30 year old pizza worker, climbed up a broken stepladder, fell off and injured his back. Curry filed a claim with the Workers' Compensation Board (board) and was determined by the Administrative Law Judge (ALJ) to have incurred an appreciable injury and an occupational disability of 20%. The award of benefits, which amounts to $26.66 per week for 425 weeks, was apportioned equally between the appellant/employer, National Pizza Company, and the Special Fund. Additionally, Curry was awarded "such medical, surgical and hospital expenses as may reasonably be required for the treatment of his occupational disability...." It is the award of certain medical expenses which is at issue in this appeal.

Specifically the employer appeals from the board's determination that it is liable for medical expenses incurred by Curry for treatment he obtained from Dr. Diane Shafer, his treating physician. Dr. Shafer, an orthopedic surgeon, caused Curry to be hospitalized for three days where he was treated with hot packs, ultrasound, exercises and drugs. Dr. Shafer saw Curry as an outpatient on a frequent basis from September through November, 1988 (during Curry's period of temporary total disability) and treated him with hot packs, diathermy, a back brace, a TNS unit, pain medication and muscle relaxants. In her deposition the doctor testified that she believed the conservative treatment to be both necessary, reasonable and helpful to Curry. Curry himself testified concerning Dr. Shafer's treatment as follows:

Like I said, when I would take the therapy, that diathermy would help me while I was on it, because I could set up and take it, but after I would get off from it and by the time I'd get back home, I would be worse.

The employer contested the necessity and reasonableness of the treatment before the board. The ALJ found as follows:

8. With respect to the reasonableness and necessity of medical expenses incurred for diathermy and medications prescribed by Dr. Shafer, both Drs. Goodman and Scott opined as of their evaluation of January, 1989, that the plaintiff required no future extensive treatment. However, neither of the defendant-employer's witnesses addresses in their testimony the issue of whether the diathermy and prescribed pain relievers were outside of the reasonable course of medical treatment for the plaintiff upon occasions prior to their examinations. In other words, there is no evidence that diathermy is a "black box" technique improving the physician's cash flow and little to enhance the physical well being of the patient. KRS 342.020 permits the plaintiff to choose his physician and by implication the course of treatment prescribed by that physician until the defendant-employer makes some showing of the unreasonableness or non-necessity of the treatment. Plaintiff herein has testified that he obtained at least "temporary relief" through the diathermy. Considering the totality of the circumstances and proof of record, I cannot find the course of treatment at the hands of Dr. Shafer to be unreasonable, thus, her medical charges are compensable.

The employer appealed the issue of the compensability of Dr. Shafer's medical bills. The board determined that it is the employer who must "initiate consideration of the reasonableness of medical expenses" before the board and that the employer, as the "complaining party," has the burden of proof. We agree.

KRS 342.020(1) requires an employer "[i]n addition to all other compensation," to pay for "the cure and relief from the effects of an injury...." The same statute further gives an employee the right to select his or her physician to treat the injury. Clearly the employer must raise the issue of compensability of medical treatment with the board or the right to object is waived. *See Westvaco Corporation v. Fondaw*, Ky., 698 S.W.2d 837 (1985), and *Phillip Morris, Inc. v. Poynter*, Ky.App., 786 S.W.2d 124 (1990). Further, in such a dispute the employer is the "complaining party," *see Zurich Insurance Company v. Mitchell*, Ky., 712 S.W.2d 340 (1986), and carries the burden of proving the treatment to be unnecessary. Regardless of the burden of proof, the ALJ's findings are supported by substantial evidence and neither the board nor this court may substitute its opinion otherwise.

National Pizza also argues that it should not be liable for Dr. Shafer's treatment as a matter of law as the medical treatment did not "cure" its employee but provided only temporary relief. In its brief the employer states that the statute, KRS 342.020, "clearly and succinctly provides that the employer is required to pay for *only* those medical treatments which provide for *both* the 'cure and relief' from the effects of an injury." (Emphasis ours.) The Board rejected this argument by holding that the terms "cure and relief" have been "interchangeably used" over the years by the legislature and that the "test" for compensability is whether the "treatment, supplies, or appliances 'may reasonably be required.'"

We know of no case exactly on point in Kentucky. Although under some statutory schemes, benefits for treatment to prevent pain and discomfort are not allowed for those for whom no hope for cure or rehabilitation exists, a majority of jurisdictions do so provide such benefits. *See* A. Larson, *The Law of Workmen's Compensation*, Vol. 2, § 61.14 (1989). We are convinced that our legislature by using the conjunctive "and" did not intend that only one who has sustained a "curable" work-related injury or disease should be entitled to medical benefits for relief therefrom. Accordingly, we hold that the words in KRS 342.020(1) "cure and relief" should be construed as "cure and/or relief." *See* KRS 446.080 and *Firestone Textile Company Division, Firestone Tire and Rubber Company v. Meadows*, Ky., 666 S.W.2d 730 (1984), which states that "[a]ll presumptions will be indulged in favor of those for whose protection the enactment [the Workers' Compensation Act] was made." *Id.* at 732. Thus KRS 342.020(1) requires the employer of one determined to have incurred a work-related disability to pay for any reasonable and necessary medical treatment for relief whether or not the treatment has any curative effect.

The judgment of the Workers' Compensation Board is affirmed.

All concur.