**PEABODY COAL COMPANY,**
Appellant,

v.

**John M. HICKS; Larry D. Beale, Director of Special Fund; Eric D. Hall, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

No. 91–SC–571–WC.

Supreme Court of Kentucky.

Feb. 13, 1992.

Peter J. Glauber, William P. Swain, Boehl, Stopher, Graves & Deindoerfer, Louisville, for appellant.

Ronald K. Bruce, Madisonville, for appellee Hicks.

John E. Stephenson, Labor Cabinet, Special Fund, Louisville, for appellee Beale, Special Fund.

## MEMORANDUM OPINION OF THE COURT

After a complete review of the briefs and applicable statutory provisions, the Opinion of the Court of Appeals is affirmed. The Court of Appeals thoroughly considered the issue presented, and we concur with its disposition of the case. For this reason, we adopt the Opinion of the Court of Appeals:

"BEFORE: EMBERTON, GUDGEL, and HAYES, Judges.

"GUDGEL, JUDGE: This is an appeal from an opinion entered by the Workers' Compensation Board affirming an administrative law judge's award of benefits to the claimant, appellee Hicks. Appellant employer's sole contention on appeal is that the ALJ and the board erred by concluding that a claimant who is awarded retraining incentive benefits (RIB) pursuant to KRS 342.732(1)(a) may also be awarded medical benefits pursuant to KRS 342.020(1). We disagree. Hence, we affirm.

"The claimant was employed by appellant as a surface coal mine worker for some thirty years until he retired in 1988. This claim for occupational disease benefits followed. The ALJ determined that the claimant suffers from coal workers' pneumoconiosis category one, and awarded him both retraining incentive benefits pursuant to KRS 342.732(1)(a) and medical benefits pursuant to KRS 342.020(1). The employer appealed to the Workers' Compensation Board, asserting that the claimant is not entitled to an award of medical benefits because there was no finding that he is occupationally disabled to any degree. The board affirmed the ALJ's award, and this appeal followed.

"This issue appears to be one of first impression in Kentucky. At the time of the ALJ's opinion, KRS 342.732(1)(a) provided in pertinent part as follows: [1]

---

1. KRS 342.732 was enancted in the 1987 Extraordinary Session of the General Assembly, effective October 26, 1987. Subsection (1)(a) was subsequently amended in pertinent part, effective July 13, 1990, so as to delete the phrase, "and no respiratory impairment resulting from exposure to coal dust based upon spirometric testing values of eighty percent (80%) or more of the predicted normal values con-

tained in the chapter on the respiratory system in the latest edition available of the guides to the evaluation of permanent impairment published by the American medical association." Substituted in its place was the phrase, "resulting from exposure to coal dust, which is validated by two (2) x-rays and reports of the x-rays which conform to the standards for x-rays contained in subsection (2) of KRS 342.316."

(1) Notwithstanding any other provision of this chapter, *income benefits and retraining incentive benefits for occupational pneumoconiosis resulting from exposure to coal dust shall be paid as follows:*

(a) If the administrative law judge finds that *an employe has a radiographic classification of category 1/0, 1/1 or 1/2,* based on the latest ILO International Classification of Radiographics, *and no respiratory impairment resulting from exposure to coal dust* based upon spirometric testing values of eighty percent (80%) or more of the predicted normal values contained in the chapter on the respiratory system in the latest edition available of the guides to the evaluation of permanent impairment published by the American medical association, *he shall award a one time only retraining incentive benefit* which shall be an amount equal to sixty-six and two-thirds percent (66⅔%) of the employe's average weekly wage but not more than seventy-five percent (75%) of the state average weekly wage as determined by KRS 342.740, multiplied by fifty percent (50%) and shall be payable for a period not to exceed two hundred and eight (208) weeks. The one time only retraining incentive benefit awarded under this subsection may be collected semi-monthly as provided in KRS 342.040, by the employe while he continues to work in the mining industry. The retraining incentive benefit may be collected in a lump sum when the employe leaves his hazardous employment in the mining industry if the parties agree and the agreement is approved by the administrative law judge. (Emphasis added.)

Appellant asserts that under this statute awards of RIB, which are intended to assist coal mine workers in making transitions to alternate forms of employment, are payable only to workers who have been diagnosed as having coal workers' pneumoconiosis but no associated respiratory impairment. Appellant urges, therefore, that awards of RIB do not amount to awards of disability compensation benefits for occupational disability and, hence, that the recipients of such benefits are not entitled to awards of medical benefits pursuant to KRS 342.020(1).

"KRS 342.020(1) provides in pertinent part that:

*In addition to all other compensation provided in this chapter, the employer shall pay for the cure and relief from the effects of an* injury or *occupational disease* such medical, surgical and hospital treatment, including nursing, medical and surgical supplies and appliances, as may reasonably be required at the time of the injury and thereafter during disability, *or as may be required for the cure and treatment of an occupational disease.* (Emphasis added.)

We disagree with appellant's assertion that awards of RIB do not amount to "compensation" so as to qualify employees for medical benefits pursuant to this statute. Compensation is defined in KRS 342.-620(14) as "*all* payments made under the provisions of this chapter representing the sum of income benefits and medical and related benefits." (Emphasis added.) Income benefits are defined in turn as "payments made under the provisions of this chapter to the disabled worker ... excluding medical and related benefits," and medical and related benefits are defined as "payments made for medical, hospital, burial *and other services as provided in this chapter other than income benefits.*" (Emphasis added.) KRS 342.620(12) and (13).

"Hence, even if awards of RIB are not considered to be awards of disability compensation or income benefits, they nevertheless fall within the definition of "compensation" awards, for purposes of the medical benefits statute, as they are "payments made for ... other services provided in" KRS Chapter 342. It follows, therefore, that an employer which is obligated to pay RIB benefits is also obligated to pay, in accordance with KRS 342.020(1), for medical treatment reasonably required either at the time of the award or in the future even if it is true, as appellant asserts here, that at the time of the award no medical treatment was required or even

available to cure, relieve or treat the effects of the claimant's occupational disease. If nothing else, it appears that in the event that a claimant's occupational disease worsens over time, such an award of medical benefits serves the laudable purpose of permitting the claimant to promptly obtain medical treatment as it reasonably becomes required, rather than possibly forcing the claimant to forego the receipt of needed treatment due to a lack of financial resources. Meanwhile, if the claimant in this matter should make any claim for medical treatment which is not reasonably required, appellant may certainly file a motion to reopen and show that the claim is unwarranted. *See Westvaco Corp. v. Fondaw,* Ky., 698 S.W.2d 837 (1985); *Phillip Morris, Inc. v. Poynter,* Ky.App., 786 S.W.2d 124 (1990).

"The board's opinion is affirmed.

"ALL CONCUR."

STEPHENS, C.J., and COMBS, LAMBERT, LEIBSON, REYNOLDS, SPAIN and WINTERSHEIMER, JJ., concur.