MITEE ENTERPRISES, d/b/a The Magic Tunnel, Appellant,

v.

Andrew Allen YATES; Special Fund; Thomas A. Nanney, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 93–SC–435–WC.

Supreme Court of Kentucky.

Nov. 24, 1993.

James Gordon Fogle, Ferreri & Fogle, Louisville, for appellant.

Danny Butler, Butler, Butler & Hudson, Greensburg, for appellee Yates.

Denis S. Kline, Judith K. Bartholomew, Peter J. Naake, Labor Cabinet, Sp. Fund, Louisville, for appellee Special Fund.

## OPINION OF THE COURT

Claimant injured his back at work on August 7, 1986. The ensuing settlement agreement provided for a permanent, partial disability benefit and for the employer's payment of "reasonable medical expenses pursuant to the Act."

The employer states that when medical bills for a period beginning on August 8, 1988, were presented for payment, it refused to pay. Subsequently, on March 22, 1989, after no action was taken by claimant to compel payment, the employer filed a motion to reopen in order to contest payment of the disputed bills. Additional bills were presented to the employer after that date, and the motion to reopen was supplemented in order to include them as well. At the prehearing conference regarding the motion, the parties stipulated that the only contested issue was the "reasonableness of medical care provided by Dr. Aaron."

The Administrative Law Judge (ALJ) determined that the continuing and nearly daily injections of narcotic pain medication were unreasonable and unnecessary for the treatment of claimant's condition. However, KRS 342.020(1) required an employer to pay the provider of medical services within 30 days of the receipt of a statement for those services. Because the employer had neither paid nor challenged the reasonableness of any of the medical expenses until March 22, 1989, the ALJ ordered the employer to pay for those medical expenses incurred prior to February 22, 1989, 30 days prior to the filing of the motion to reopen.

On appeal to the Workers' Compensation Board (Board) and the Court of Appeals, the ALJ's decision was affirmed, and we affirm.

KRS 342.020 provides that an employer shall pay for the reasonable and necessary medical expenses of an injured worker. In *Westvaco v. Fondaw*, Ky., 698 S.W.2d 837, 839 (1985) this Court placed squarely on the employer the burden of going forward with evidence to contest the reasonableness of medical bills it denied having an obligation to pay. The Court determined that an employer who wished to dispute a medical bill submitted by a disabled worker must, within a reasonable time, file a motion to reopen the award pursuant to KRS 342.125. Subsequently, effective October 26, 1987, the General Assembly amended KRS 342.020(1) to provide that:

> The employer, or an insurer on behalf of the employer, shall make all payments for services rendered to an employe directly to the provider of such services within thirty (30) days of receipt of a statement for services.

This provision was enacted to alleviate complaints of unnecessary delays in the payment

of medical bills. O'Daniel, *1987 Kentucky Workers' Compensation Law,* pp. 43–44. Such delays are contrary to the fundamental purposes of the Workers' Compensation Act, one of which is the prompt resolution of workers' compensation claims. See *Searcy v. Three Point Coal Co.,* Ky., 280 Ky. 683, 134 S.W.2d 228 (1939).

*Phillip Morris v. Poynter,* Ky.App., 786 S.W.2d 124, 125 (1990), involved a worker's motion to compel his employer to pay medical bills. In that case, the employer had failed both to pay and to file a motion to challenge medical bills received after the effective date of the 1987 amendment for an injury incurred before the effective date of the amendment. The court rejected the employer's argument that its failure to move to reopen should not result in a waiver of its right to object to the bills. The court stated that, in view of *Westvaco, supra,* the employer, and not the worker, clearly was considered to be the complaining party where there was a dispute over the reasonableness of medical bills. Furthermore, without the imposition of some penalty against an employer who failed to comply with the dictates of *Westvaco, supra,* that decision would be ineffectual. Therefore, the court concluded that, because the employer had failed to move to reopen the claim in order to contest the allegedly unreasonable medical bills, thereby forcing the worker to move to compel payment, it had effectively waived its right to challenge them. Because the employer had not moved to reopen the claim, the 30–day time period in KRS 342.020(1) was not an issue. Nonetheless, the court noted that, in view of the principles set forth in *Westvaco, supra,* not only was the employer required to go forward with its objection to medical bills, it was required to do so within 30 days of receipt of those bills.

In *National Pizza Co. v. Curry,* Ky., App., 802 S.W.2d 949, 951 (1991), the court again emphasized that it is the employer who must either raise issues concerning the compensability of medical treatment or waive the right to object. The court also reminded the bar that in such instances the employer is the complaining party upon whom falls the burden of proving that the disputed treatment is unreasonable or unnecessary.

In 1992 the legislature again amended KRS 342.020(1) thereby requiring the providers of medical services to submit a statement within 45 days of the date treatment is initiated. No other changes were made in the statute.

■ We believe that, considering the frequency with which issues surrounding the reasonableness or necessity of medical treatment arise, the principle that workers' compensation claims be resolved promptly, and the apparent purpose of the 1987 Amendment to KRS 342.020(1), it is clear that the amendment was remedial rather than retrospective in nature and applies to all medical bills received after its effective date, including those that are the subject of the instant dispute. See *Peabody Coal Co. v. Gossett,* Ky., 819 S.W.2d 33, 36 (1991); *Purdy v. Palmore,* Ky., 789 S.W.2d 12 (1990).

■ *Westvaco, supra,* and its progeny set forth the procedure to be followed by employers who wish to contest medical bills, clearly placing both the burden of going forward and the burden of persuasion on the employer. Despite numerous opportunities to do so, the General Assembly has not seen fit to change the impact of those decisions, leading this Court to the conclusion that those decisions comport with the legislative intent. Consistent with this Court's interpretation that KRS 342.020(1) shifts to the employer the burden to prove that contested medical expenses are unreasonable or unnecessary, we also believe that it places on the employer an affirmative burden to prove that contested medical bills were received no more than 30 days before the motion to reopen was filed. In so doing, we reject the employer's argument that the 30–day period set forth in KRS 342.020(1) is, in effect, a statute of limitations which constitutes an affirmative defense that must be specifically pleaded by the worker. See CR 8.03. Although this interpretation may seem harsh, we believe it is in keeping with the purposes of the Act and with the legislative intent.

Because KRS 342.010(1), as interpreted herein, allows an employer to avoid those medical bills which it can prove were: 1.)

unreasonable or unnecessary, and 2.) received no more than 30 days before its motion, it is within an ALJ's authority to raise the issue of the 30–day period regardless of whether the worker does. Furthermore, where there is no stipulation as to when a medical bill was received, we believe that the issue of whether the bill was received within the 30–day period would come within the scope of a dispute over its reasonableness or necessity because the date a disputed bill was received is a necessary element of the employer's proof.

In the instant case, the employer admits refusing to pay the disputed bills and moving to reopen the claim only after the worker failed to move to compel payment. There was no evidence of when the disputed bills actually were received, although the employer's admissions and the physician's statements submitted with the employer's motion to reopen lead to the inference that many were received more than 30 days prior to the motion. However, regardless of when the bills actually were received, it was apparent to the employer that the ALJ had applied the amended version of KRS 342.020(1). Despite the fact that the ALJ erred in failing to make an essential finding of fact regarding the date the bills were received and in ordering the employer to pay all bills incurred more than 30 days before the motion was filed, the employer failed to petition for reconsideration of these patent factual and legal errors and is foreclosed from raising them now. *Eaton Axle Corp. v. Nally*, Ky., 688 S.W.2d 334 (1985).

The decision of the Court of Appeals is hereby affirmed.

All concur except WINTERSHEIMER, J., who concurs in result only.