RENDERED: MAY 21, 2009
TO BE PUBLISHED

# Supreme Court of Kentucky

## 2008-SC-000646-WC

FINAL

DATE 6/11/09  *Kelly Klaber D.C.*

CRAWFORD & COMPANY                                          APPELLANT


ON APPEAL FROM COURT OF APPEALS
V.             CASE NO. 2007-CA-002117-WC
WORKERS' COMPENSATION BOARD NO. 87-39549


JOSEPH WRIGHT;
DR. SCOTT WATKINS;
DR. DAVID WATKINS;
HONORABLE MARCEL SMITH,
ADMINISTRATIVE LAW JUDGE;
AND WORKERS' COMPENSATION BOARD                             APPELLEES


## 2008-SC-000746-WC


JOSEPH WRIGHT                                          CROSS-APPELLANT


ON APPEAL FROM COURT OF APPEALS
V.             CASE NO. 2007-CA-002117-WC
WORKERS' COMPENSATION BOARD NO. 87-39549


CRAWFORD & COMPANY;
DR. SCOTT WATKINS;
DR. DAVID WATKINS;
HONORABLE MARCEL SMITH,
ADMINISTRATIVE LAW JUDGE;
AND WORKERS' COMPENSATION BOARD                        CROSS-APPELLEES

## OPINION OF THE COURT

### AFFIRMING

This appeal concerns a post-award medical dispute filed by Crawford & Company (Crawford), the defendant-employer's third-party insurance adjuster. An Administrative Law Judge (ALJ) vacated an order by the Chief ALJ (CALJ) that reopened the underlying claim for additional proof to be taken and the merits of the dispute adjudicated. Considering only the evidence that Crawford submitted with the motion and Form 112, the ALJ determined that Crawford had no responsibility for future medical treatment of the claimant's knee problems and denied his petition for reconsideration.

The Workers' Compensation Board reversed, reinstated the CALJ's order, and remanded the matter for the proof to be completed and the merits considered. The Court of Appeals affirmed. Appealing, Crawford asserts that the Board misinterpreted 803 KAR 25:010 and 803 KAR 25:012. In a cross-appeal, the claimant requests sanctions against Crawford under CR 73.02(4) with respect to its judicial appeals.

We affirm. Although 803 KAR 25:012, § 1(6)(c) permits a motion to reopen to contest medical expenses to be decided summarily on the pleadings, its purpose is not to enable the second step of the reopening process to be short-circuited if the worker fails to respond within 20 days. It simply permits a motion that is not supported with an adequate prima facie showing to be

2

denied summarily but a motion that is supported with the required showing to be assigned for further proof time and an adjudication of the merits. Sanctions are unwarranted because no published decision addresses the proper interpretation of 803 KAR 25:012, § 1(6)(c) and the interaction of 803 KAR 25:012, § 1(6) and 803 KAR 25:010, § 4(6) in a medical reopening.

The claimant injured his knees while working on December 3, 1987. With the assistance of counsel, he settled the claim against his employer (Webster County Coal Corporation) and the Special Fund for a lump sum that represented a 12.5% occupational disability but did not include a buyout of future medical benefits. The claimant's treating physicians, Dr. Scott Watkins and Dr. David Watkins, recommended an orthopedic evaluation of his knee pain in November 2006. Crawford submitted the matter to Dr. Fadel for utilization review. Convinced that the claimant's arthritic knee condition was related to factors other than the remote injury, Dr. Fadel recommended denying both the current treatment by Drs. Watkins and the referral.

On January 4, 2007, Crawford filed a Form 112 medical fee dispute, a motion to join Drs. Scott and David Watkins, and a motion to reopen the claimant's award.[1] Consistent with 803 KAR 25:010, § 1(1), Crawford tendered proposed orders. The Form 112 and motion to reopen contested both the "current treatment" and the request for an orthopedic referral, relying on Dr.

---

[1] 803 KAR 25:012, § 1(6) requires both a motion to reopen and a Form 112 to be filed in a claim that is finally resolved.

3

Fadel's report as evidence that the treatment and proposed referral were unreasonable, unnecessary, and unrelated to the 1987 injury.[2]

803 KAR 25:012, § 1(6)(b) requires a Form 112 to be served on the worker, "even if represented by counsel." Crawford's Form 112 lists the claimant as the respondent, indicates that he was served at his 1987 address, but does not indicate that his attorney of record was served. 803 KAR 25:010, § 4(6)(a)7 requires a motion to reopen to be served on counsel for the parties as well as on the parties, themselves. Crawford's motion to reopen indicates that it was served on the claimant at his 1987 address but does not indicate that it was served on his attorney of record. Neither the claimant nor his physicians responded to the filing.

The matter came before ALJ Chris Davis on February 1, 2007, on the regular Frankfort motion docket.[3] ALJ Davis signed Crawford's proposed order, which sustained the motion to reopen and gave Drs. Scott and David Watkins 20 days in which to explain "why the respondent's current bilateral knee problems are causally related to the subject December 3, 1987 work incident." The order stated that Crawford would be relieved of responsibility for further treatment if they failed to respond within the 20-day period. Like the Form 112 and the motion to reopen, the order indicates that it was served on

---

[2] Although the Form 112 indicated that a disputed statement for services was first received on December 12, 2006, and was attached, the record contains only an office note from November 10, 2006, which listed the claimant's current medications and noted the referral to Dr. Johnson. It appears, therefore, that Crawford was actually contesting future treatment for the knee condition.

[3] See 803 KAR 25:012, § 1(6)(c).

the claimant at his 1987 address but does not indicate that it was served on his attorney of record. ALJ Davis failed to sign the proposed order joining the physicians as parties, and the order he entered sustaining the motion to reopen did not join them.

The physicians did not respond to the February 1, 2007 order within 20 days. The Form 112 and motion to reopen came before the Chief ALJ, Sheila Lowther, on the regularly-scheduled Frankfort motion docket on March 9, 2007. CALJ Lowther joined Drs. Scott and David Watkins as parties and granted the motion to reopen to the extent of assigning the matter to an ALJ for additional proof and a decision on the merits. The order conflicted with ALJ Davis's order but neither overruled nor vacated it explicitly.

On March 20, 2007, the Office of Workers' Claims issued a scheduling order[4] and assigned the reopening to ALJ Marcel Smith. Crawford filed a petition for reconsideration and motion to vacate the CALJ's order on March 21, 2007, but also began to take proof in the reopening. On April 9, 2007, the same attorney who represented the claimant in the initial claim entered an appearance in the reopening and submitted evidence on his behalf.

Also on April 9, 2007, ALJ Smith granted Crawford's petition for reconsideration, vacated the CALJ's order, and reinstated ALJ Davis's order. Noting that neither physician responded within the 20-day period required by

---

[4] The proofing schedule gave all parties 60 days, followed by 30 days for the plaintiff only, and 15 days thereafter for rebuttal by the defendants. A benefit review conference was scheduled for July 10, 2007.

ALJ Davis's order, ALJ Smith found that the claimant's current knee problems were unrelated to the 1987 incident and relieved Crawford of the responsibility for future medical treatment. The claimant filed a petition for reconsideration and an amended petition, pointing out that his proof time had not expired according to the scheduling order and that ALJ Davis's order required nothing of him. He also continued to submit proof. Crawford asserted in response that ALJ Smith's order contained no patent error and that, having failed to respond to ALJ Davis's "show cause" order, the claimant now made a belated attempt to file proof in response to the order. ALJ Smith denied the petitions on May 7, 2007, and the claimant appealed.

The Board determined that ALJ Smith erred by vacating the CALJ's order, reversed the decision, and remanded the matter for a consideration of the merits. Crawford appealed, but the Court of Appeals affirmed. Appealing, Crawford continues to assert that the Board misinterpreted 803 KAR 25:010 and 803 KAR 25:012 and that it erred by reversing ALJ Smith's order of April 9, 2007. We disagree.

The courts afford an administrative agency's construction of its own regulation great weight when determining the regulation's meaning.[5] We find the Board's interpretation of the disputed regulations to be reasonable. Moreover, we agree with its ultimate conclusion.

---

[5] Blanton v. Lowe, 415 S.W.2d 376 (Ky. 1967).

The party responsible for paying post-award medical expenses has the burden of contesting a particular expense by filing a timely motion to reopen and proving it to be non-compensable.[6] Thus, 803 KAR 25:012, § 6 requires both a motion to reopen and Form 112 to be filed in a post-award medical dispute. Reopening a final workers' compensation award is a two-step process.[7] The first step involves the filing of a motion to reopen together with a prima facie showing of a reasonable possibility that the movant will be able to prevail on the merits. Only if the movant makes the required showing will the adversary be put to the expense of re-litigating or will further proof be authorized.

Drs. Scott and David Watkins, who provided medical treatment for the effects of the claimant's injury, recommended an orthopedic consultation. As the party responsible for paying medical expenses regarding the injury, Crawford had the burden to contest them in a timely manner and to prove in the subsequent reopening proceeding that they were unreasonable and unnecessary for the injury's effects. Crawford filed a motion to reopen together with prima facie evidence although it failed to comply with 803 KAR 25:010, § 4(6)(a)7 and perhaps also with 803 KAR 25:012, § 1(6)(b) because it failed to serve the claimant's counsel of record.

---

[6] See Mitee Enterprises v. Yates, 865 S.W.2d 654 (Ky. 1993) (the burden of contesting a post-award medical expense in a timely manner and proving that it is non-compensable is on the employer).

[7] AAA Mine Service v. Wooten, 959 S.W.2d 440 (Ky. 1998).

7

Despite Crawford's assertion to the contrary, 803 KAR 25:010, § 4(6)(c)2 does not require a response to a motion to reopen. It provides that "[a]ny response shall be filed within twenty (20) days of filing the motion."[8] Medical expenses that a worker submits are presumed to be compensable unless the employer challenges them in a timely manner and proves ultimately that they are not.[9] Although 803 KAR 25:012, § 1(6)(c) states that a motion to reopen to contest medical expenses may be decided summarily on the pleadings, its purpose is not to permit the second step of the reopening process to be short-circuited if the worker fails to respond to the motion within 20 days.[10] 803 KAR 25:012, § 1(6)(c) simply permits a motion that is not supported with an adequate prima facie showing to be denied summarily but a motion that is supported with the required showing to be assigned to an ALJ for further proof time and an adjudication of the merits.

We agree with the Board that the CALJ's order of March 9, 2007, superseded ALJ Davis's order, rendering it null and void. As the Board explained, an ALJ who presides over the Frankfort motion docket on the CALJ's behalf does not retain jurisdiction over a medical dispute. Jurisdiction over medical disputes rests with the CALJ until they are assigned to another

---

[8] 803 KAR 25:012, § (1)(6) states no period within which to respond to a post-award Form 112, perhaps because it requires the form to be filed with a motion to reopen. The Form 112, itself, states that the respondent and other parties "have 20 days in which to file a response pursuant to 803 KAR 25:012."

[9] See Mitee Enterprises v. Yates, supra.

[10] A failure to dispute that one's opponent has shown a reasonable possibility of being able to prevail after proof is taken and the merits considered does not amount to a concession that the opponent is entitled to prevail.

8

ALJ for an adjudication of the merits. Thus, the CALJ continued to have jurisdiction over the present dispute despite ALJ Davis's order. Not only did the order that ALJ Davis entered fail to dispose of Crawford's motion to reopen, by denying it summarily or ordering it to be assigned for further proceedings, the order shifted the ultimate burden away from Crawford and did so erroneously. The CALJ's March 9, 2007, order disposed of the motion, curing the defects in ALJ Davis's order. ALJ Smith erred by granting Crawford's petition for reconsideration, vacating the CALJ's order, and resolving the merits in Crawford's favor, thereby eliminating the second step in the reopening.

The claimant's cross-appeal requests sanctions as permitted by CR 73.02(4).[11] He asserts that Crawford's interpretation of the controlling regulations is so frivolous and lacking in merit that neither its appeal to the Court of Appeals nor the present appeal should have been taken. We disagree. No published decision addresses the proper interpretation of 803 KAR 25:012, § 1(6)(c) or the interaction of 803 KAR 25:012, § 1(6) and 803 KAR 25:010, § 4(6) in a medical reopening. Although we have affirmed the decision of the Court of Appeals, we are not convinced that Crawford's arguments are frivolous and so lacking in merit that an appeal should not have been taken.

The decision of the Court of Appeals is affirmed.

All sitting. All concur.

---

[11] See Peabody Coal Company v. Goforth, 857 S.W.2d 167, 170 (Ky. 1993).

COUNSEL FOR APPELLANT/CROSS-APPELLEE,
CRAWFORD & COMPANY:

Joel Walter Aubrey
Mary Ellen Schaffner
Pohl, Kiser & Aubrey, P.S.C.
303 North Hurstbourne Parkway
Suite 110
Louisville, KY 40222-5143


COUNSEL FOR APPELLEE/CROSS-APPELLANT,
JOSEPH WRIGHT:

William B. Norment, Jr.
Dorsey, King, Gray, Norment & Hopgood
318 Second Street
Henderson, KY 42420


COUNSEL FOR APPELLEES/CROSS-APPELLEES:

Dr. Scott Watkins, pro se
Dr. David Watkins, pro se
1413 N. Elm Street
Suite 106
Henderson, KY 42420