MINTON, C.J.,
DISSENTING:
I- respectfully dissent. The - majority opinion’s analysis exceeds the proper scope of appellate review by engaging in a wide-ranging reweighing of the proof, usurping the role of the ALJ. Our task is simply to “address new or novel’questions of statute- *501 ry construction, or to reconsider precedent when such appears necessary, or to review a question of constitutional magnitude.”[8] And this case.presents none of those challenges.
Its statements to the contrary notwithstanding, the majority follows the misguided direction' taken by the majority of the Court of Appeals panel, which—as the dissenting judge on that panel aptly observed—placed the burden of proof on Kingery, despite the fact that Sumitomo was the party seeking to reopen the claim to contest medical bills. On a motion to reopen, “[t]he party responsible for paying post-award medical expenses has the burden of contesting a particular expense by filing a timely motion to reopen and proving it to be non-eompensable.”[9]
Sumitomo filed its motion to -dispute Kingery’s medical bills and supported it with a report from Dr. Randolph, who opined that Kingery’s current-impairments were not related to the original work-related injury. In response, Kingery did not submit medical evidence but testified that she has experienced pain ever since the work-related injury and that Dr. Douglas’s treatment had given her some relief.
As the fact-finder, the ALJ had sole authority to determine the weight, credibility, substance, and inferences to be drawn from the evidence.[10] And the ALJ has the discretion to.choose from conflicting evidence which evidence she finds more persuasive.
The ALJ disbelieved Dr. Randolph’s report, finding it fundamentally flawed because the doctor rejected out of hand the fact that Kingery sustained a work-related injury—a matter that has been the law of this case since 1992. Unlike the lay evidence rejected in Mengel[11] -—the case cited by the majority— Kingery was capable of rebutting Sumitomo’s motion by testify-: ing about the pain she experienced since the work-related injury. And the ALJ did not abuse her discretion in finding Kingery credible.
Because the ALJ rejected the proof offered by Sumitomo and Sumitomo had the burden of showing Kingery’s medical treatment was not related to the work-related injury, the ALJ did not err by denying Sumitomo’s motion. I would reverse the decision of the Court of Appeals and reinstate the ALJ’s decision. ■
Barber and Keller, JJ., join.

, Western Baptist Hospital v. Kelly, 827 S.W.2d 685, 687-88 (Ky.1992).

. Crawford & Co. v. Wright, 284 S.W.3d 136, 140 (Ky.2009) (citing Mitee Enterprises v. Yates, 865 S.W.2d 654 (Ky.1993) (holding that the burden of contesting a post-award medical expense in a timely manner and proving that it is noncompensable is on the employer).

, Paramount Foods, Inc v. Burkhardt, 695 S.W.2d 418, 419 (Ky.1985).

. Mengel, 618 S.W.2d 184.