# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

# $\mathfrak{Supreme}$ $\mathfrak{Court}$ $\mathfrak{of}$ $\mathfrak{Kentucky}$

FINAL

2015-SC-000335-WC

DATE 5-26-16 EuA Group P.C.

JAMES HALCOMB AND
JOHNNIE L. TURNER                                                    APPELLANT


|                        | ON APPEAL FROM COURT OF APPEALS          |
| V.                     | CASE NO. 2014-CA-001791-WC               |
|                        | WORKERS' COMPENSATION NO. 03-83401       |


AMERICAN MINING COMPANY;
DR. JOSE ECHEVERRIA;
HONORABLE JOHN B. COLEMAN,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD                                          APPELLEES


## MEMORANDUM OPINION OF THE COURT

### AFFIRMING

Appellant, James Halcomb, appeals a Court of Appeals decision which affirmed a medical fee dispute resolved in favor of Appellee, American Mining Company. Halcomb argues that the Administrative Law Judge's ("ALJ") opinion, which found that American Mining is no longer liable to pay for his narcotic medication prescription, is not supported by substantial evidence. For the below stated reasons, we affirm the Court of Appeals.

Halcomb suffered a work-related back, left hip, and muscular injury on May 21, 2003. Halcomb settled his workers' compensation claim for a lump sum, but did not waive his right to future medical expenses. In the subsequent

years following his injury, Halcomb was treated by Dr. Jose Echeverria for chronic back pain. Dr. Echeverria prescribed Halcomb the narcotic pain medication Lortab as part of his treatment.

American Mining requested for Dr. Echeverria to have Halcomb submit to random drug screens, provide the date of the most recent KASPER[1] review, and undertake random pill count monitoring. Dr. Echeverria only complied with the request to have Halcomb undergo the drug screens. Halcomb submitted to drug screens on October 11, 2012, April 9, 2013, and October 9, 2013. Each one of the drug screens was positive for tetrahydrocannabinol ("THC"), the active component of marijuana. Despite the positive drug screens, Dr. Echeverria continued to prescribe Lortab to Halcomb.

On January 10, 2014, American Mining filed a motion to reopen, a Form 112 medical fee dispute, and a motion to join Dr. Echeverria as a party. American Mining's medical fee dispute contested Halcomb's continued use of Lortab. American Mining filed the results of the failed drug screens along with two utilization reports to support its medical fee dispute. Dr. Ring Tsai's report recommended that Dr. Echeverria counsel Halcomb against the continued use of marijuana, that a repeat drug screen be administered after sixty days, and that an opioid agreement be discussed with and signed by Halcomb agreeing that his urine drug screens must remain negative for illegal or non-prescribed controlled substances. Dr. Tsai stated that if Halcomb tests positive for THC or any other illegal substance, he should be tapered off of Lortab and prescribed

---

[1] Kentucky All Schedule Prescription Electronic Reporting

2

no additional controlled substances. Dr. Tasi noted that routine long-term opioid therapy for chronic pain is not recommended. Dr. William Nemeth's report recommended that Halcomb be taken off Lortab. He stated that continued use of narcotics by Halcomb was unnecessary since he was "self-medicating with THC." In a supplemental report, Dr. Nemeth stated that Halcomb's three positive drug screens indicated that he was actively using marijuana because second hand exposure leads to very low doses of THC being absorbed by the individual. Dr. Nemeth also stated that Halcomb should never take narcotic medications again regardless of whether he tests negative for THC in the future.

In his defense, Halcomb filed the results of two drug screens he took on April 9, 2014 and May 14, 2014. Both of the screens were negative for THC. Halcomb also filed an affidavit from Dr. Echeverria. Dr. Echeverria stated that he was aware that Halcomb tested positive for THC, but that there were ways one can test positive even though it was not intentionally inhaled or digested. He advised Halcomb to refrain from being around people who use marijuana in his presence. Dr. Echeverria recommended that Halcomb continue to be prescribed Lortab because it provides relief from his work-related injuries.

The ALJ, after a review of the evidence, found in favor of American Mining. He stated:

> [American Mining] argues it should be relieved of the obligation for payment of narcotic medications because [Halcomb] had three positive urine drug screens for the presence of THC. The treating provider has responded by explaining there are [sic] number of ways one can test positive even though one may not intentionally partake in the inhaling of absorbing of marijuana. [Dr. Echeverria]

3

indicated that he had discussed with [Halcomb] the importance of refraining from marijuana usage. 201 KAR 9:260 provides for the professional standards for prescribing and dispensing controlled substances. Section 5 (k) provides that drug screens shall be utilized during the course of long-term prescribing or dispensing of controlled substances. That section provides that if the drug screen or other information available to the physician indicate that the patient is noncompliant, the physicians shall: a) Do a controlled taper; b) Stop prescribing or dispensing the controlled substance immediately; or c) Refer the patient to an addiction specialist, mental health professional, pain management specialist, or drug treatment program, depending on the circumstances. In this particular case, [Halcomb] demonstrated non-compliance by testing positive for illegal drugs which were present during urine drug screening. I am convinced by the opinion of Dr. Nemeth the multiple failures on drug screening is indicative of illegal drug useage rather than being subjected to secondhand smoke as suggested and that in such instances, continued use of controlled narcotic medications must not continue. The only authority the [ALJ] has is to determine the compensability of the contested treatment and to order a different course of treatment would be much like practicing medicine, which I am certainly not qualified to do. However, as [American Mining] has sustained its burden of showing the contested treatment to be non-compensable, [American Mining] is relieved of any obligation for payment of narcotic medications pursuant to KRS 342.020.

In his order, the ALJ emphasized that American Mining remained responsible for any reasonable and necessary medical treatment for the cure and/or relief of Halcomb's work-related injury. No petition for reconsideration was filed. The Workers' Compensation Board ("Board") and the Court of Appeals affirmed, and this appeal followed.

The Board's review in this matter was limited to determining whether the evidence is sufficient to support the ALJ's findings, or if the evidence compels a different result. *W. Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687 (Ky. 1992). Further, the function of the Court of Appeals is to "correct the Board only where the Court perceives the Board has overlooked or misconstrued

4

controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *Id.* at 687-88. Finally, review by this Court "is to address new or novel questions of statutory construction, or to reconsider precedent when such appears necessary, or to review a question of constitutional magnitude." *Id.* The ALJ, as fact-finder, has the sole discretion to judge the credibility of testimony and weight of evidence. *Paramount Foods, Inc. v. Burkhardt,* 695 S.W.2d 418 (Ky. 1985).

In a post-award medical fee dispute, the burden of proof to determine if the medical treatment is unreasonable or unnecessary is with the employer. *See* KRS 342.020; *Mitee Enterprises v. Yates,* 865 S.W.2d 654 (Ky. 1993); *R.J. Corman Railroad Construction v. Haddix,* 864 S.W.2d 915, 918 (Ky. 1993); *National Pizza Company v. Curry,* 802 S.W.2d 949 (Ky. App. 1991). Since American Mining had the burden of proof on the issue of whether Halcomb's Lortab prescription was unreasonable and unnecessary and was successful before the ALJ, the sole issue on appeal then is whether substantial evidence supports the ALJ's conclusion. *Special Fund v. Francis,* 708 S.W.2d 641 (Ky. 1986). Substantial evidence is defined as some evidence of substance and relevant consequence, having the fitness to induce conviction in the minds of reasonable people. *Smyzer v. B.F. Goodrich Chemical Co.,* 474 S.W.2d 367, 369 (Ky. 1971).

Halcomb argues that the ALJ's opinion, which resolved the medical fee dispute in American Mining's favor, is not supported by substantial evidence. Halcomb argues that Dr. Nemeth's opinion was flawed because it presumed

5

that he was currently self-medicating with THC. Halcomb contends that the two clean drug screens he took on April 9, 2014 and May 14, 2014 show that he is not self-medicating with THC and contends that the prior failed drug screens were caused by secondhand marijuana smoke. Halcomb also notes that Dr. Echeverria believes that he should continue to use Lortab for treatment of his chronic back pain. We disagree.

The ALJ's conclusion that Halcomb was using marijuana is supported by the three failed drug screens and Dr. Nemeth's opinion. Dr. Nemeth stated that the failed drug screens indicated Halcomb's active use of marijuana instead of secondhand exposure. Therefore, Dr. Nemeth stated the presence of THC in Halcomb's system warranted the immediate discontinuation of the Lortab prescription. He went on to say in his supplemental report that even if Halcomb never tests positive for THC again he should not resume using narcotic pain medication. The ALJ was within his discretion to find Dr. Nemeth's opinion persuasive.

Additionally, 201 KAR 9:260 §5(4)(k) supports the ALJ's decision. It states:

> 1. During the course of long-term prescribing or dispensing of a controlled substance, the physician shall utilize drug screens, appropriate to the controlled substance and the patient's condition, in a random and unannounced manner at appropriate times. If the drug screen or other information available to the physician indicates that the patient is noncompliant, the physician shall:
>   a. Do a controlled taper;
>   b. Stop prescribing or dispensing the controlled substance immediately; or
>   c. Refer the patient to an addiction specialist, mental health professional, pain management specialist, or

6

drug treatment program, depending upon the circumstances.

Thus, because Halcomb tested positive for THC in three different drug screens, according to the KAR, Halcomb should no longer be prescribed controlled substances such as Lortab. The ALJ's opinion holding that American Mining is no longer liable to pay for Halcomb's Lortab is supported by substantial evidence, and shall not be disturbed.

For the above stated reasons, we affirm the decision of the Court of Appeals.

All sitting. All concur.

COUNSEL FOR APPELLANT,

JAMES HALCOMB AND
JOHNNIE L. TURNER:

Johnnie L. Turner

COUNSEL FOR APPELLEE,
AMERICAN MINING COMPANY:

Scott Mitchell Burns Brown

COUNSEL FOR APPELLEE,
DR. JOSE ECHEVERRIA:

Jose Echeverria, *pro se*