COMBS, JUDGE:
Appellant, Jason Conley, appeals from an Opinion of the Workers' Compensation Board affirming the denial of proposed caudal epidural steroid and sacroiliac injections. After our review, we affirm in part, vacate in part, and remand.
We limit our discussion of the record to the issue before us. Conley was employed as a truck driver by the Appellee, Super Services, LLC (Defendant/Employer). On April 21, 2014, he was injured in a work-related motor vehicle accident. On November 17, 2015, he filed a Form 101/Application for Resolution of Injury Claim.
Following the taking of proof and a formal hearing, the Administrative Law Judge (ALJ), Jeanie Owen Miller, determined that Conley's cervical and lumbar injuries, neurogenic bladder, and psychological conditions were work-related and that proposed back surgery was reasonable, necessary and related to the work injury. By Interlocutory Opinion, Award, and Order, rendered on June 10, 2016, the ALJ awarded temporary total disability (TTD) benefits and reasonable and necessary *919 medical expenses. The ALJ placed the claim in abeyance until Conley reached maximum medical improvement (MMI) after medical treatment. On August 3, 2016, Conley underwent an L4-5 discectomy. He continued to have pain following surgery and treated with Dr. Gutti for pain management.
On January 19, 2017, Super Services filed a Form 112/Medical Fee Dispute challenging the reasonableness of a spinal cord stimulator requested by Dr. Deer based upon the Utilization Review (UR) of Dr. Trotter.
By Order of March 29, 2017, the ALJ removed the case from abeyance and scheduled proof-time.
On May 2, 2017, Super Services filed a Form 112/Medical Fee Dispute challenging the reasonableness and necessity of a repeat sacroiliac (SI) joint injection requested by Dr. Gutti based upon Dr. Braun's UR. According to Dr. Braun, diagnostic SI injections are no longer supported by relevant guidelines because no further treatment can be recommended based upon any diagnostic information. Furthermore, therapeutic SI injections are not recommended for non-inflammatory pathology based on insufficient evidence. They are recommended on a case-by-case basis for inflammatory sacroiliitis, a condition generally considered rheumatologic in origin. The report further reflects that Dr. Braun "Spoke with Dr. Gutti explained the current status of guidelines. Provider accepted the denial."
On June 29, 2017, Super Services filed a Form 112/Medical Fee Dispute challenging the reasonableness and necessity of a repeat caudal epidural steroid injection and referral to a neurosurgeon -- both requested by Dr. Gutti. Super Services relied upon the UR report of Dr. Lewis, which provides in relevant part:
Kentucky guidelines do not specifically address the requested repeat caudal epidural steroid injection. According to the Official Disability Guidelines (ODG)(Online Version) Low Back Chapter (updated 05/12/17), Epidural steroid injections (ESIs) therapeutic, "Radiculopathy (due to herniated nucleus pulposus, but not spinal stenosis ) must be documented. Objective findings on examination need to be present. Radiculopathy must be corroborated by imaging studies and/or electrodiagnostic testing ... [sic ] Repeat injections should be based on continued objective documented pain relief, decreased need for pain medications, and functional response."
In this case, provided documents highlight the claimant recently underwent a caudal epidural steroid injection in March. Although the clinical note from 04/07/2017 documents greater than 50% relief of pain from this injection, there is no documentation of functional improvement or an associated reduction of medication use for six (6) to (8) weeks. Further, provided documentation does not include the actual report from the recent MRI of the lumbar spine, which is referenced. Due to this lack of documentation, the service as requested, caudal epidural steroid injection with fluoroscopic (62310) is not medically necessary.
On September 12, 2017, ALJ Miller conducted a formal hearing. Conley testified that he continues to see Dr. Gutti monthly, that he still had pain since the surgery, and that his leg pain has gotten worse. Conley also testified that injections were recommended and that he has gotten "decent relief" from them in the past.
An October 31, 2017, Agreed Order of Submission reflects that the parties had reached an agreement to resolve all pending issues except for the reasonableness of *920 repeat lumbar caudal injection and SI injections, proposed spinal cord stimulator, and referral to a neurosurgeon. These issues were bifurcated for the ALJ to decide. A Form 110 Agreement as to Compensation was approved by Order entered on November 3, 2017.
On January 2, 2018, ALJ Monica Rice-Smith rendered an Opinion and Order on the pending medical fee disputes in relevant part as follows:
The ALJ is persuaded by the opinions of Dr. Braun and Dr. Lewis. Although the medical evidence establishes that Conley continues to have back pain despite his surgery, Dr. Braun and Dr. Lewis offer the only opinions regarding the reasonableness and necessity of the caudal injections and SI joint injections. Dr. Braun opined the SI joint injections were no longer recommended. He explained that the procedure was no longer supported by the guidelines. With regard to the caudal injections, Dr. Lewis opines the [sic ] despite Dr. Gutti's report that the injection provided 50% relief, there was no evidence that there was improved functioning. There was also no documentation that the injections resulted in any decrease in pain medication for any period.
Based on the foregoing, the ALJ finds the repeat caudal injections and SI joint injections are not reasonable and necessary, thus not compensable.
The ALJ determined that the spinal cord stimulator and the referral to a neurosurgeon were reasonable and necessary.
Conley filed a petition for reconsideration on grounds that it appeared that the ALJ may have not reviewed all available evidence and may have used an incorrect standard in determining the reasonableness and necessity of the denied medical treatment. By Order rendered on February 7, 2018, the ALJ denied Conley's petition as a re-argument of the merits.
Conley appealed to the Workers' Compensation Board, which affirmed by Opinion rendered April 13, 2018, in relevant part as follows:
[T]he ALJ utilized the proper standard for deciding a medical dispute. As noted by the ALJ, the Court has held the words in KRS 342.020(1)"cure and relief" should be construed as "cure and/or relief." National Pizza Co. v. Curry, 802 S.W.2d 949 (Ky. App. 1991). Treatment shown to be unproductive or outside the type of treatment generally accepted by the medical profession as reasonable in the injured workers' particular case is non-compensable. Square D. v. Tipton, 862 S.W.2d 308 (Ky. 1993). The ALJ did not utilize a [sic] "improved functioning" standard in making her determination. Rather, this was one of several factors considered by Dr. Lewis in determining the caudal epidural steroid injection was not medically reasonable or necessary.
With respect to the SI joint injection, the Board explained that Dr. Braun noted that the procedure is no longer supported by the ODG (Official Disability Guidelines) and that the blocks are not recommended for non-inflammatory SI pathology based on insufficient evidence. Further, the ODG noted that current research was minimal in terms of trials supporting the use of SI injections for non-inflammatory pathology.
Conley appeals and contends that the ALJ erred in disallowing the injections because "improved functioning" is not the proper standard to resolve a medical fee dispute.
KRS 1 342.020(1) mandates that "the employer shall pay for the cure and relief from the effects of an injury...." As *921 cited by the Board in its opinion, National Pizza Co. v. Curry, 802 S.W.2d 949, 951 (Ky. App. 1991), holds as follows:
[T]he words in KRS 342.020(1)"cure and relief" should be construed as "cure and/or relief." See KRS 446.080 and Firestone Textile Company Division, Firestone Tire and Rubber Company v. Meadows, Ky., 666 S.W.2d 730 (1984), which states that "[a]ll presumptions will be indulged in favor of those for whose protection the enactment [the Workers' Compensation Act] was made." Id. at 732. Thus KRS 342.020(1) requires the employer of one determined to have incurred a work-related disability to pay for any reasonable and necessary medical treatment for relief whether or not the treatment has any curative effect.
However, "the legislature did not intend to require an employer to pay for ... treatment that does not provide 'reasonable benefit' ... [or which is] shown to be unproductive or outside the type of treatment generally accepted by the medical profession as reasonable...." Square D Co. v. Tipton, 862 S.W.2d 308, 309-10 (Ky. 1993).
First, we address the denial of the SI injection. We cannot agree that the ALJ erred or applied an incorrect standard in that regard. Rather, it appears that the ALJ reasonably inferred that the procedure was unproductive or outside the type of treatment generally accepted by the medical community based upon Dr. Braun's opinion, which constitutes substantial evidence. To that extent, we affirm.
With respect to the caudal epidural injection, the Board disagreed with Conley's contention that the ALJ erred in using an "improved functioning" standard. The Board explained that "improved functioning" was only one of several factors upon which Dr. Lewis relied. The Board noted that Dr. Lewis had also stated that the guidelines require documentation of radiculopathy due to a herniated nucleus pulposus and corroboration of radiculopathy by imaging studies -- and that the documentation provided did not include the report of a recent lumbar MRI.
However, the ALJ did not base her denial upon lack of documentation. On the contrary, in discussing the spinal cord stimulator, the ALJ noted that the most recent MRI revealed multiple disc herniations and that the most recent nerve conduction study revealed chronic bilateral SI radiculopathy. In determining that the referral to a neurosurgeon was reasonable and necessary, the ALJ considered the "significant objective findings on the most recent MRI and nerve conduction test."
The ALJ determined that the proposed caudal epidural injection was not reasonable and necessary based upon Dr. Lewis's opinion that there was no evidence of improved functioning and no documentation that the injections resulted in any decrease in pain medication for any period. However, KRS 342.020(1) requires neither of these conclusions. "It is clear that KRS 342.020(1) places responsibility on the employer for payment of medical and nursing services that promote cure and relief from the effects of a work-related injury.... All that is required is that the services be for cure and relief of the effects of injury." See Bevins Coal Co. v. Ramey , 947 S.W.2d 55, 56 (Ky. 1997) (emphases added).
Dr. Lewis's UR report indicates that he reviewed Dr. Gutti's April 7, 2017, progress note, which "highlights [that Conley] received greater than 50% relief of pain from the caudal epidural steroid injection in March. [He] reported good relief with the radicular component of pain and the residual pains were tolerable on medications." Prior to the injection, Conley had *922 suffered intractable back pain despite his many medications according to Dr. Gutti's office notes, which Conley filed as evidence. We cannot consider or imagine any evidence more compelling that a procedure is reasonable and necessary for the "cure and relief from the effects of an injury" than one which actually affords relief from the devastating misery of intractable pain. We agree with Conley that the ALJ did not use the proper standard in denying the epidural injection, and to that extent, we vacate the Board's opinion.
The April 13, 2018, Opinion of the Workers' Compensation Board is affirmed in part, vacated in part, and remanded for entry of an order consistent with this opinion.
ALL CONCUR.