RENDERED: JULY 22, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0332-WC

P & P CONSTRUCTION, INC.                                           APPELLANT


                          PETITION FOR REVIEW OF A DECISION
v.                   OF THE WORKERS' COMPENSATION BOARD
                          ACTION NO. WC-17-83257


DANIEL FARLEY; DR. BRAD FINE,
LEXINGTON FOOT & ANKLE
CENTER, INC.; ARH DANIEL
BOONE CLINIC HARLAN; HARLAN
ARH; AIR EVAC LIFETEAM; GRAM
RESOURCES, INC.; HONORABLE
PETER NAAKE, ADMINISTRATIVE
LAW JUDGE; AND WORKERS'
COMPENSATION BOARD                                                 APPELLEES


OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE:  DIXON, LAMBERT, AND McNEILL, JUDGES.

LAMBERT, JUDGE:  P & P Construction, Inc., (P & P) has petitioned this Court

for review of the February 25, 2022, decision of the Workers' Compensation

Board (the Board) affirming the November 13, 2020, opinion and order of the Administrative Law Judge (ALJ) finding certain medical bills submitted more than 45 days after the date of service was initiated were not barred by application of Kentucky Revised Statutes (KRS) 342.020(4). Because we agree with P & P that these bills should have been barred by application of the statute, we reverse and remand.

Daniel Farley worked as coal mining foreman for P & P beginning in 2015. In May 2017, he sustained a work-related injury to his left leg when a pump exploded, for which he underwent multiple surgeries. He filed an application for resolution of his injury claim in late February 2019. And in October 2019, Farley filed a second claim seeking benefits for a psychological overlay injury, alleging that he was experiencing post-traumatic stress disorder (PTSD) as a result of his May 2017 work injury. He began seeking counseling from Dr. Syed Raza in August 2017 and from Harlan ARH for PTSD, depression, and anxiety.

In April 2019, Kentucky Employers' Mutual Insurance (KEMI), the insurance carrier for P & P, filed a Form 112 medical fee dispute, in which it disputed an air ambulance bill from Air Evac Lifeteam and a proposed foot surgery by Dr. Brad Fine of Lexington Foot and Ankle Center, Inc. Because P & P has not appealed from the portion of the Board's decision to uphold the ALJ's decision

-2-

that those medical bills were compensable, we shall not address these fee contests any further.

In July 2020, the parties entered into an agreement as to compensation, which provided that P & P (through KEMI) had paid $107,681.50 in medical expenses as well as temporary total disability (TTD) benefits for close to two years in the amount of $71,390.16. Farley agreed to accept a lump sum of $125,000.00 to settle his remaining claims for benefits. The parties agreed that a medical service provider was required to submit a statement for services within 45 days of the date the treatment was initiated and that neither P & P nor KEMI were liable for untimely submitted medical billing.

The ALJ held a benefit review conference on August 30, 2020, noting that the claim had been settled as to income and future medical benefits and that the medical disputes as to the air evacuation and Dr. Fine's billing were still pending. The ALJ also approved the agreement as to compensation.

On September 14, 2020, P & P filed a motion to amend its Form 112 medical fee dispute to contest certain medical bills from Harlan ARH/Daniel Boone Clinic and Harlan ARH/Gram Resources that were submitted more than 45 days after the date treatment was initiated, pursuant to KRS 342.020(4). These disputed bills are listed below:

| Medical Provider | Date of Service | Date received by KEMI |
|---|---|---|
| Harlan ARH/Daniel Boone Clinic | October 10, 2018 | December 12, 2018 |
| Harlan ARH/Daniel Boone Clinic | July 10, 2018 | December 12, 2018 |
| Harlan ARH/Daniel Boone Clinic | May 1, 2018 | December 13, 2018 |
| Harlan ARH/Daniel Boone Clinic | March 1, 2018 | December 13, 2018 |
| Harlan ARH/Daniel Boone Clinic | January 3, 2018 | December 12, 2018 |
| Harlan ARH/Gram Resources | May 8, 2017 | September 6, 2018 |

The bills from the Daniel Boone Clinic were for Farley's treatment for PTSD and mood disorder, while the bill from Gram Resources was for x-rays taken following Farley's work accident. The ALJ permitted P & P to amend its Form 112 to include its contest of the above bills. In its brief to the ALJ, P & P argued that it was not liable for medical bills that were not submitted within the 45-day rule, citing the mandatory and unambiguous language in KRS 342.020(4).

The ALJ entered an opinion and order on November 13, 2020, finding that P & P was liable for all of the contested medical bills. As to the timeliness issue, the ALJ held:

> [P & P] disputes treatment billing based on late
> submission of the medical billing based on KRS

342.020(1),[1] which requires medical services providers to submit medical expenses to the employer, insurer, or medical payment obligor within 45 days after treatment is initiated. The Workers' Compensation Board has consistently held on a number of occasions the 45 day rule for submission of statements for services in KRS

---

[1] The version of KRS 342.020(1) in effect until July 13, 2018, stated:

> (1) In addition to all other compensation provided in this chapter, the employer shall pay for the cure and relief from the effects of an injury or occupational disease the medical, surgical, and hospital treatment, including nursing, medical, and surgical supplies and appliances, as may reasonably be required at the time of the injury and thereafter during disability, or as may be required for the cure and treatment of an occupational disease. The employer's obligation to pay the benefits specified in this section shall continue for so long as the employee is disabled regardless of the duration of the employee's income benefits. In the absence of designation of a managed health care system by the employer, the employee may select medical providers to treat his injury or occupational disease. Even if the employer has designated a managed health care system, the injured employee may elect to continue treating with a physician who provided emergency medical care or treatment to the employee. The employer, insurer, or payment obligor acting on behalf of the employer, shall make all payments for services rendered to an employee directly to the provider of the services within thirty (30) days of receipt of a statement for services. The commissioner [previously, the executive director] shall promulgate administrative regulations establishing conditions under which the thirty (30) day period for payment may be tolled. The provider of medical services shall submit the statement for services within forty-five (45) days of the day treatment is initiated and every forty-five (45) days thereafter, if appropriate, as long as medical services are rendered. Except as provided in subsection (4) of this section, in no event shall a medical fee exceed the limitations of an adopted medical fee schedule or other limitations contained in KRS 342.035, whichever is lower. The commissioner [previously, the executive director] may promulgate administrative regulations establishing the form and content of a statement for services and procedures by which disputes relative to the necessity, effectiveness, frequency, and cost of services may be resolved.

The time requirements are now set forth in KRS 342.020(4).

342.020(1) has no application in a pre-award situation. The Kentucky Supreme Court in *R.J. Corman Railroad Construction v. Haddix*, 864 S.W.2d 915, 918 (Ky. 1993)[,] pointed out that the requirement in KRS 342.020(1) for the payment of bills within 30 days of receipt of the statement for services "applies to medical statements received by an employer after an ALJ has determined that said bills are owed by the employer." In other words, it does not apply pre-award. The Court in *R.J. Corman* stated, "until an award has been rendered, the employer is under no obligation to pay any compensation, and all issues, including medical benefits, are justiciable." By extension, the Workers' Compensation Board has found the 60 [day] requirement contained in 803 [Kentucky Administrative Regulations] KAR 25:096 § 11 is likewise not applicable until an award has been entered finding the claim is compensable. The Board held "the requirement that the provider submit statements for services within forty-five days of treatment would also apply post-award and not during the pendency of a claim as is the case here."

The Administrative Law Judge finds that the 45 day rule cited by [P & P] as a bar to its responsibility to pay for the medical treatment of an injured employee is inapplicable prior to the entry of an award or agreement which establishes that a work-related injury has occurred.

Accordingly, the ALJ ordered P & P to pay the contested medical bills.

P & P appealed the ALJ's decision to the Board pursuant to KRS 342.285, and the appeal was placed in abeyance pending a determination by the Supreme Court of Kentucky in *Wonderfoil, Inc. v. Russell*, Case No. 2020-SC-0301-WC. The matter was removed from abeyance once the Supreme Court's opinion in *Wonderfoil* became final in October 2021, and the parties argued their

respective positions in their briefs. P & P pointed out that in *Wonderfoil, Inc. v. Russell*, 630 S.W.3d 706 (Ky. 2021), the Supreme Court did not address whether KRS 342.020(4) applied pre-award but rather addressed two administrative regulations concerning the time for claiming expenses and the filing of unpaid medical bills by claimants. Farley argued that the ALJ properly held that the 45-day rule did not bar P & P's responsibility to pay the contested medical bills as that rule did not apply before the entry of an award or agreement establishing that a work-related injury had occurred.

The Board entered an opinion on February 25, 2022, affirming the ALJ's decision. In holding that the 45-day requirement did not apply pre-award, the Board explained:

> We find no merit to the argument the ALJ erred by finding P & P liable for medical bills submitted more than forty-five days after service was rendered pursuant to KRS 342.020(4). This Board has held on numerous occasions the forty-five-day rule for submission of statements for services in KRS 342.020 has no pre-award application. The Kentucky Supreme Court in R.J. Corman Railroad Construction v. Haddix, supra, pointed out the requirement in KRS 342.020 for the payment of bills within thirty days of receipt of the statement for services "applies to medical statements received by an employer after an ALJ has determined that said bills are owed by the employer." In other words, it does not apply pre-award.
>
> We held in Brown Pallet v. David Jones, Claim No. 2003-69633 (entered September 20, 2007) the reasoning of the Supreme Court in R.J. Corman Railroad

Construction v. Haddix, supra, concerning the thirty-day provision for payment of medical benefits should also apply to the forty-five day rule for submission of medical bills. The Court in R.J. Corman stated, "until an award has been rendered, the employer is under no obligation to pay any compensation, and all issues, including medical benefits, are justiciable."

We additionally note that pursuant to Garno v. Selectron USA, 329 S.W.3d [301] (Ky. 2010), the sixty-day rule found at 803 KAR 25:096 § 11 applies only after an interlocutory decision or final award has been entered. There was no request for an interlocutory decision in this claim, and no such order was entered. No determination was made regarding compensability of Farley's condition until the ALJ's November 13, 2020 decision, or at the earliest, the September 1, 2020 approval of the Form 110-I settlement agreement, in either instance, long after the bills were submitted to P & P's insurer.

We find the ALJ properly declined to enforce the forty-five-day rule regarding the contested medical expenses pre-award, and we affirm on this issue. Despite its argument regarding noncompliance by Farley's medical providers, we find it significant that P & P did not file a medical dispute regarding those bills for nearly two years after their receipt by its insurer. Farley's medical expenses were incurred prior to the ALJ's decision and were submitted to the insurer during the pendency of the claim. We find the ALJ correctly found P & P responsible for Farley's medical expenses contested on appeal, and we affirm.

Contrary to P & P's arguments, we find the rationale contained in R.J. Corman Railroad Construction v. Haddix, supra, is applicable. We additionally find instructional the recent holding by the Kentucky Supreme Court in Wonderfoil, supra. There the Court held the sixty-day submission requirement for injured workers only applied post-award, or a determination of

-8-

compensability by an ALJ, stating specifically, "Accordingly, when viewed in the context of the regulatory scheme, 803 KAR 25:096, § 11's application only post-award best effectuates the intent of the Commissioner and prevents an absurd result." By extension, we find the forty-five-day requirement set forth in KRS 342.020(4) likewise is applicable only after a determination of compensability of a claim by an ALJ. We further note 803 KAR 25:010 § 13 contains sufficient provisions to dissuade purposeful delay.

This petition for review now follows.

On appeal, P & P continues to argue that the Board and the ALJ incorrectly ruled that the 45-day rule applies only post-award and that the holdings in *R.J. Corman*, *supra*, and *Wonderfoil*, *supra*, should not have been extended to this particular part of the statute.

This Court's standard of review in workers' compensation appeals is well-settled in the Commonwealth. "The function of further review of the [Board] in the Court of Appeals is to correct the Board only where [the] Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *Western Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992).

Whether the 45-day rule for providers to submit statements for services set forth in KRS 342.020(4) applies both pre- and post-award is a question of statutory interpretation. In *Pearce v. University of Louisville, by and through its Board of Trustees*, 448 S.W.3d 746 (Ky. 2014), the Supreme Court of Kentucky

-9-

addressed the standard of review for appeals raising an issue of statutory

construction:

> Statutory construction is an issue of law that we review *de novo*. Therefore, "[t]he trial court's and Court of Appeals's [sic] construction of statutes is also entitled to no deference on appeal. . . ." *Cumberland Valley Contractors, Inc. v. Bell County Coal Corp.*, 238 S.W.3d 644, 647 (Ky. 2007) (citing *Bob Hook Chevrolet Isuzu, Inc. v. Kentucky Transportation Cabinet*, 983 S.W.2d 488, 490 (Ky. 1998)).
>
> In construing a statute, it is fundamental that our foremost objective is to determine the legislature's intent in enacting the legislation. "To determine legislative intent, we look first to the language of the statute, giving the words their plain and ordinary meaning." *Richardson v. Louisville/Jefferson County Metro Government*, 260 S.W.3d 777, 779 (Ky. 2008). Further, we construe a "statute only as written, and the intent of the Legislature must be deduced from the language it used, when it is plain and unambiguous. . . ." *Western Kentucky Coal Co. v. Nall & Bailey*, 228 Ky. 76, 14 S.W.2d 400, 401-02 (1929). Therefore, when a statute is unambiguous, we need not consider extrinsic evidence of legislative intent and public policy. *County Bd. of Educ. Jefferson County v. Southern Pac. Co.*, 225 Ky. 621, 9 S.W.2d 984, 986 (1928). However, if the statutory language is ambiguous, we will look to other sources to ascertain the legislature's meaning, such as legislative history and public policy considerations. *MPM Financial Group Inc. v. Morton*, 289 S.W.3d 193, 198 (Ky. 2009). Further, we "read the statute as a whole, and with other parts of the law of the Commonwealth, to ensure that our interpretation is logical in context." *Lichtenstein v. Barbanel*, 322 S.W.3d 27, 35 (Ky. 2010).

*Pearce*, 448 S.W.3d at 749.

KRS 342.020 addresses the payment of medical expenses by the

employer and provides in relevant part as follows:

(1) In addition to all other compensation provided in this chapter, the employer shall pay for the cure and relief from the effects of an injury or occupational disease the medical, surgical, and hospital treatment, including nursing, medical, and surgical supplies and appliances, as may reasonably be required at the time of the injury and thereafter for the length of time set forth in this section, or as may be required for the cure and treatment of an occupational disease.

. . . .

(4) In the absence of designation of a managed health care system by the employer, the employee may select medical providers to treat his injury or occupational disease. Even if the employer has designated a managed health care system, the injured employee may elect to continue treating with a physician who provided emergency medical care or treatment to the employee. The employer, insurer, or payment obligor acting on behalf of the employer, shall make all payments for services rendered to an employee directly to the provider of the services within thirty (30) days of receipt of a statement for services. The commissioner shall promulgate administrative regulations establishing conditions under which the thirty (30) day period for payment may be tolled. The provider of medical services shall submit the statement for services within forty-five (45) days of the day treatment is initiated and every forty-five (45) days thereafter, if appropriate, as long as medical services are rendered. Except as provided in subsection (7) of this section, in no event shall a medical fee exceed the limitations of an adopted medical fee schedule or other limitations contained in KRS 342.035, whichever is lower. The commissioner may promulgate administrative regulations establishing the form and

content of a statement for services and procedures by which disputes relative to the necessity, effectiveness, frequency, and cost of services may be resolved.

P & P points to the mandatory language in KRS 342.020(4) which requires that "[t]he provider of medical services shall submit the statement for services within forty-five (45) days of the day treatment is initiated and every forty-five (45) days thereafter, if appropriate, as long as medical services are rendered." This unambiguous language, P & P argues, does not contain any indication that the 45-day rule is limited to only post-award submissions. Rather, the date of treatment is the determinative question, and it is this date that triggers the start of the 45-day period for a provider to submit its completed statement of services. In holding that a provider has 45 days from the date of an award to present statements of services, the Board rewrote the statutory provision. This, P & P goes on to argue, constitutes error. In addition, P & P argues that the Board improperly ignored the word "shall" in the statutory language. Accordingly, P & P asserts that this rule should apply in the present case and that it should not be liable for the payment of the billing statements at issue.

For the reasons set forth in P & P's petition for review, we agree. The unambiguous language of the statute requires a provider to submit billing statements within 45 days after treatment has been initiated; there is no language in the statute that limits the application of the 45-day rule to post-award submissions.

-12-

Both the ALJ and the Board relied upon the Supreme Court of Kentucky's opinion in *R.J. Corman*, *supra*, to hold that the 45-day time limit for a provider to submit billing statements only applies post-award. However, as set forth below, the *R.J. Corman* Court was addressing the portion of the statute requiring an employer to pay medical benefits within 30 days of receipt of a billing statement and the proper time to contest same, not the portion requiring a provider to submit these billing statements within 45 days of the initiation of treatment.

> The amendment to KRS 342.020(1) requiring the payment of medical benefits in 30 days is clearly intended to hasten payment of those medical bills that the employer is obligated to pay. Until an award has been rendered, the employer is under no obligation to pay any compensation, and all issues, including medical benefits, are justiciable. Therefore, we believe that KRS 342.020, which addresses additional compensation for injuries, which must be determined to be work-related per KRS 342.0011(1) to be compensable, applies to medical statements received by an employer after an ALJ has determined that said bills are owed by the employer. Likewise, the rules enunciated in [*Westvaco Corp. v. Fondaw*, 698 S.W.2d 837 (Ky. 1985),] and [*Phillip Morris, Inc. v. Poynter*, 786 S.W.2d 124 (Ky. App. 1990)], only apply post-award.

> From a practical standpoint, pre-award application of the 30-day rule to either pay or contest medical costs is an exercise in futility and simply adds another step to the process. In essence, the rule requires employers to file a motion to contest in order to preserve the issue for consideration at the hearing. The ALJ would hardly be able to rule on the motion before considering the merits of the claim and determining whether claimant is entitled to any compensation. Therefore, the motion to contest

-13-

> would necessarily be held in abeyance, with no real
> benefit derived from the extra procedural step.
>
> We have been offered no logical reason why
> *Westvaco* and *Poynter* should apply to medical bills
> submitted to an employer during the litigation of a claim.
> Without a sound basis for extending the rule further, we
> reverse the Court of Appeals' affirmance of the Board on
> this point. The proper time to contest issues involved in
> a workers' compensation claim, including whether
> certain medical treatment should be at the expense of the
> employer, is at the hearing before the ALJ.

*R.J. Corman*, 864 S.W.2d at 918-19. We agree with P & P that the Board

improperly extended this holding in the present case. As P & P points out, strict

enforcement of the 30-day payment rule prior to an award would violate due

process where the employer denied the claim. That is not the case here, as the

portion of the statute at issue addresses treatment providers, not employers.

P & P also disputes the Board's reliance upon the Supreme Court of

Kentucky's recent decision in *Wonderfoil, supra*. In *Wonderfoil*, the Supreme

Court addressed the time limit for an employee/claimant to submit medical bills to

the employer for repayment as set forth in 803 KAR 25:096 § 11(2), which states:

> Expenses incurred by an employee for access to
> compensable medical treatment for a work injury or
> occupational disease, including reasonable travel
> expenses, out-of-pocket payment for prescription
> medication, and similar items shall be submitted to the
> employer or its medical payment obligor within sixty
> (60) days of incurring of the expense. A request for
> payment shall be made on a Form 114.

Again, this regulation does not address the portion of KRS 342.020(4) requiring a provider (not a claimant) to submit medical billing statements within 45 days of the initiation of service. And the *Wonderfoil* Court did not address that portion of the statute, either, as it was limited to consideration of several administrative regulations. Therefore, neither *R.J. Corman* nor *Wonderfoil* provide support for the Board's holding that the 45-day requirement for a provider to submit medical billing statements only applies post-award.

Accordingly, we hold that the Board misconstrued the controlling statute and precedent and therefore erred as a matter of law in holding that the 45-day requirement for providers to submit billing statements applied only post-award. The plain and mandatory language of the statute does not contain anything that limits the application of the 45-day rule to post-award situations. Therefore, we hold that this requirement applies both pre- and post-award. In addition, this interpretation of KRS 342.020(4) will not harm the claimant, as "[t]he medical provider shall not bill a patient for services which have been denied by the payment obligor for failure to submit bills following treatment within forty-five (45) days as required by KRS 342.020 and Section 6 of this administrative regulation." 803 KAR 25:096 § 10(3).

For the forgoing reasons, the opinion of the Workers' Compensation Board affirming the decision of the Administrative Law Judge determining that P

& P was responsible for payment of the billing statements submitted outside of the 45-day period is reversed, and this matter is remanded with directions that the Board reverse the ALJ's decision as to the billing statements at issue because they were submitted outside of the 45-day period.

ALL CONCUR.

BRIEF FOR APPELLANT:                    NO BRIEF FOR APPELLEES.

W. Barry Lewis
Hazard, Kentucky